Brenda Lou OVERSTREET, Appellant,

v.

The STATE of Texas, Appellee.

No. 44122.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Michael L. Morrow, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Robert E. Whaley, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault where the punishment was assessed at 15 years.

The sufficiency of the evidence to sustain the conviction is not challenged. Suffice it to say that the evidence reflects the appellant and Billy Wayne McCarter entered a grocery store in Seagoville, Texas, on December 22, 1968, at approximately 7:30 p. m. and at gunpoint robbed James Henderson and his wife of approximately $139.99.

All of appellant's grounds of error relate to jury argument.

First, she complains of the prosecutor's argument at the guilt stage of the trial that "You as citizens of Dallas County deserve to see our laws enforced. I will ask you now that if you are sick and tired of this kind of activity going on in your county—"

Shortly thereafter he argued: "I will ask you, ladies and gentlemen, to go back in that jury room and write a verdict of which you may be proud, the only proper verdict in this case, and where you can walk from the Courtroom and know you have done justice in Dallas County. I ask you sincerely to write a verdict of guilty as the evidence shows the woman to be.

Thank you very much. Thank you, Judge."

To the first complained of argument the court sustained appellant's most general objection and instructed the jury to disregard, though denying the motion for mistrial. To the second argument there was no objection at all.

Relying upon Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527, the appellant contends such argument was improper as an attempt to induce the jury to convict because the people of the community desired or expected a conviction, and thus inject a new and harmful fact into the evidence. See also Cox v. State, 157 Tex.Cr. R. 134, 247 S.W.2d 262, 263.

We cannot agree with such interpretation. The argument was a plea for law enforcement rather than an urging of the jury to convict because of the community's desires or expectations. Further, the objection was sustained and the jury instructed to disregard one portion of the argument and no objection was made to the other. Clearly no error is presented.

The remaining grounds of error relate to the prosecutor's jury argument at the penalty stage of the bifurcated trial.

Although she did not testify at the guilt stage of the proceedings, the appellant testified at the hearing on punishment in support of her motion for probation. Indicating she did not agree with the jury's finding of guilt, she asked for their leniency. She was not cross-examined. Appellant's counsel in his argument urged the jury to grant probation, discussing the possible probationary conditions including restitution.

First, the appellant complains that the prosecutor in his closing argument argued law and evidence not given to the jury and commented on her failure to testify when he argued there were three separate reasons for punishment and stated:

"First of all to make the Defendant pay for what she has done. Would pay-

ing back $137.99 wash the slate clean? Certainly not, you know that the law says also that a prime reason of punishment is to deter others from committing like offenses. I wonder how much a probation would deter other people from going into grocery stores, shoving guns in the faces of defenseless women and taking the money out of the till. Do you think that probation is a deterrent? I think you know better than that. Last of all, punishment is to rehabilitate the Defendant if you can rehabilitate them. When you think about rehabilitation, you, you think about the first great step to rehabilitation is stepping forward and confessing one's guilt and being ready to take the punishment that is doled out."

Appellant then objected that such argument was a direct reference to her "failure to testify in the first proceeding in that he is calling for a confession. We ask at this point for a mistrial."

The objection was overruled and motion for mistrial was denied. No relief in form of a jury instruction was requested.

It is true that the failure of an accused in a criminal case to testify in his own behalf may not be the subject of comment in argument. See Article 38.08, Vernon's Ann.C.C.P. "The prohibition extends to references to failure to testify at a former trial, an examining trial, a hearing on an application for a writ of habeas corpus, or any other stage in the proceedings." 56 Tex.Jur.2d, Trial, Sec. 266, p. 606.

The prohibition against such comment is mandatory and adverse effect of any reference to the accused's failure to testify is not generally cured by instruction to the jury. See 56 Tex.Jur.2d, Trial, Secs. 266 and 326.

In Grantom v. State, Tex.Cr.App., 415 S.W.2d 664, however, it was held that the trial court did not err in refusing to declare a mistrial under Article 38.08, supra, where prosecutor in his jury argument at the hearing on punishment (at which defendant testified) commented on defendant's failure to testify at the guilt stage of the trial, and the court sustained the objection and instructed the jury to disregard the prosecutor's remark. See also Holbert v. State, Tex.Cr.App., 457 S.W.2d 286.

While in the instant case the objection was not sustained and there was no jury instruction, we do not construe the remark as necessarily a reference to the appellant's failure to testify at the first stage of the trial.

For the comment to offend against the statute, the language used must be looked to from the standpoint of the jury, and the implication that the language used had reference to the accused's failure to testify must be a necessary one. It is not sufficient that the language might be construed as an implied or indirect allusion thereto. See Richardson v. State, 172 Tex.Cr.R. 299, 356 S.W.2d 676 (1962); Ramos v. State, Tex.Cr.App., 419 S.W.2d 359 (1967) and cases there cited.

The facts and circumstances of each case must be analyzed to determine whether the language used was of such character that the jurors would naturally and necessarily take it to be a comment on the failure of the accused to testify. See Ramos v. State, supra. We do not agree the statute was offended under the circumstances described.

A defendant in a criminal case under our laws has the right to enter a plea of not guilty and to file a motion for probation, and the fact he has exercised those rights should not be utilized against him. He need not plead guilty in order to be entitled to probation. Although the argument is not commended, we perceive no reversible error. The issues at stake were punishment and probation. The appellant had testified she desired probation though she disagreed with the guilty verdict and her counsel urged the jury to grant probation. The argument made was in response thereto.

At no time did appellant contend to the trial court that such argument was "new evidence and law" as now advanced in the appellate brief. Even if the objection had been timely made, we do not construe the argument as being subject thereto. See Simone v. State, 157 Tex.Cr.R. 393, 248 S.W. 2d 938.

■ Next, complaint is made of the prosecutor's statement that

"Ladies and gentlemen, you have a chance, an opportunity right here at this time to do justice for Dallas County. You have a chance to say not only to Brenda Lou Overstreet, but all of the other latter day Bonnie and Clydes like this woman shows herself * * *."

Appellant's mere "objection" was sustained and the jury was promptly instructed by the court to disregard "the Bonnie and Clyde remark." The motion for mistrial was overruled.

We perceive no reversible error.

The judgment is affirmed.