Tommy JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 59987.

Court of Criminal Appeals of Texas,
Panel No. 3.

May 20, 1981.

Thomas N. Thurlow, Houston, for appellant.

Carol S. Vance, Dist. Atty. & W. Scott Carpenter and Connie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated robbery. Following his plea of guilty, the jury assessed appellant's punishment at 5 years.

In his first ground of error, appellant contends that the court erred in failing to grant a mistrial due to improper jury argument. He maintains that the argument was improper as a comment upon appellant's failure to testify. Appellant did not testify, but offered testimony of his parents in support of his application for probation.

The complained of argument and counsel's objection thereto are as follows:

"MR. WILLIAMS: . . . And another important thing in this ladies and gentlemen is that you never heard Tommy Johnson tell Mr. Houston or anybody else that he was sorry for what he did. He never up to now has said 'I am sorry I committed this robbery, I confess to it, and I want you to give me probation', you never heard him say that. So * * *

"MR. THURLOW: * * * Your Honor, we would like to move for a mistrial on the grounds that counsel is aluding to the

fact that the Defendant has not taken the stand.

"THE COURT: That is overruled."

Art. 38.08, V.A.C.C.P. provides as follows: "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause."

■ A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions. *Nickens v. State* (Tex.Cr.App.), 604 S.W.2d 101; *Pollard v. State* (Tex.Cr.App.), 552 S.W.2d 475. The language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State* (Tex.Cr.App.), 554 S.W.2d 688; *Hicks v. State* (Tex.Cr.App.), 525 S.W.2d 177. If the remark complained of called the jury's attention to the absence of evidence that only the testimony from the appellant could supply, the conviction must be reversed. *Myers v. State* (Tex.Cr.App.), 573 S.W.2d 19.

The State does not dispute the contention that the argument was a comment upon appellant's failure to testify. Rather, the State urges that the argument "constituted a cogent response to Appellant's argument with respect to punishment."

■ The invited argument rule permits prosecutorial argument outside the record in response to defense argument which goes outside the record. *Franks v. State* (Tex. Cr.App.), 574 S.W.2d 124. However, a prosecutor may not stray beyond the scope of the invitation. *Kincaid v. State* (Tex.Cr. App.), 534 S.W.2d 340.

■ The record reflects that appellant's counsel spent the majority of his argument in requesting the jury to recommend that the punishment to be assessed be probated. Counsel concluded his argument in the following manner:

". . . I submit to you that Tommy Johnson is a good man, and he spent two (2) months in jail and he doesn't want to go back, and he is not going to do anything to go back; if you spent two (2) months in the Harris County jail you wouldn't want to go back to that jail, you will be almost as rehabilitated as a man can be; he has been in there for two (2) months and he knows what justice and jails are like and he doesn't want to go back; he has been working since then. I submit to you ladies and gentlemen that he is worth a chance, and we are asking you for that chance, and I don't feel you will be disappointed in him. Thank you."

We find that there is no support in the record for the State's contention that the complained of argument was invited or in response to statements made by appellant's counsel.

We further note that appellant made a motion for mistrial and did not request an instruction from the court to have the jury disregard the comment of the prosecutor. In *Parr v. State* (Tex.Cr.App.), 606 S.W.2d 928, this Court stated that unless an argument is so inflammatory that its prejudicial effect could not have been alleviated by an instruction to disregard, the failure to request such an instruction waives the error. In *Overstreet v. State* (Tex.Cr.App.), 470 S.W.2d 653, it was stated that the prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury. See *Bird v. State* (Tex.Cr.App.), 527 S.W.2d 891; *Easterling v. State* (Tex.Cr.App.), 325 S.W.2d 138; *Williams v. State* (Tex.Cr. App.), 243 S.W.2d 837; *Weatherred v. State* (Tex.Cr.App.), 89 S.W.2d 212.

The complained of argument in the instant case was a direct and flagrant reference to what the jury had not heard the appellant say. In point of fact, appellant had said nothing before the jury because he had chosen not to testify at trial. We conclude that the argument was so inflammatory that its prejudicial effect could not

have been alleviated by an instruction to disregard. The court erred in failing to grant a mistrial based upon the prosecutor commenting on appellant's failure to testify.

The judgment is reversed and the cause remanded.