**Teodulo VENEGAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–97–00185–CR, 04–97–00456–CR.**

Court of Appeals of Texas,
San Antonio.

Aug. 5, 1998.

---

David Almaraz, Laredo, for appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Albert M. Gutierrez, Jr., Asst. Dist. Atty., Laredo, for appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

Teodulo Venegas, Jr., was convicted in Cause No. K–96–00390–D3 for aggravated

sexual assault and a jury sentenced him to life in prison. He was also convicted in Cause No. K–96–00125–D3 for indecency with a child and sentenced by the jury to 20 years confinement. Venegas raises three issues to appeal these convictions.

█ In his first issue, Venegas contends that his convictions were barred by the statute of limitations. Venegas complains that his indictment for aggravated sexual assault alleged he committed the assault on or about December 25, 1986—almost ten years before he was indicted on May 14, 1996. Because he contends the statute of limitations for that conduct was three years, he maintains that prosecution was time-barred. Likewise, he complains that his indictment for indecency with a child alleged an offense that occurred on November 26, 1987—almost ten years before his indictment on March 4, 1996. Because he contends the statute of limitations for that conduct was three years, he also maintains his prosecution for indecency with a child was also time-barred.

Prior to the dates of the conduct alleged in the indictments, the statute of limitations for sexual assault and indecency with a child was five years. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 330, § 1, 1985 Tex. Gen. Laws 1393, 1393. At that time, the offense of sexual assault included offenses perpetrated against both adult and child victims.[1] Venegas was indicted for "intentionally and knowingly sexually assaulting R.S.M. by causing his sexual organ to penetrate the mouth of R.S.M. and that said R.S.M. was then and there younger than 14 years of age." As a result, the five year statute of limitations that applied to sexual assault applied to the conduct that served as the basis for Venegas's indictment for aggravated sexual assault.[2]

---

1. In regard to children, section 22.011 of the Penal Code provided:

    Sec. 22.011. SEXUAL ASSAULT. (A) A person commits an offense if the person:
    . . .
    (2) intentionally or knowingly:
    . . .
    (B) causes the penetration of the mouth of a child by the sexual organ of the actor.

    *See* Act of May 27, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5313.

2. A person commits the offense of aggravated sexual assault if the actor:

    (B) intentionally or knowingly:
    . . .
    (ii) causes the penetration of the mouth of a child by the sexual organ of the actor; . . . and
    . . .
    (B) the victim is younger than 14 years of age.

    TEX. PEN.CODE ANN. § 22.021 (Vernon Supp.1998).

Effective September 1, 1987, however, the statute of limitations for indecency with a child and sexual assault of a child was extended to ten years. *See* Act of May 30, 1987, 70th Leg., R.S. ch. 716, § 1, 1987 Tex. Gen. Laws 2591, 2591. The applicable legislation specifically provided for retroactivity of the extension if the prior limitations period had not expired.[3]

In his indictment for aggravated sexual assault, Venegas was charged with committing the offense on or about December 25, 1986. Under the original statute of limitations for this offense, the statute of limitations would have expired on December 25, 1991. Thus, the charged conduct fell within the legislation that extended the statute of limitations for indecency with a child to ten years because the original statute of limitations did not run before the statute of limitations for the offense was extended on September 1, 1987. As a result, the State had until December 25, 1996, to indict Venegas. Because the State indicted Venegas for aggravated sexual assault on May 14, 1996, the conviction for aggravated sexual assault was not time-barred.

■ In his indictment for indecency with a child, Venegas was charged with committing the offense on or about November 26, 1987. Under the original statute of limitations for this offense, the statute of limitations would have expired on November 25, 1992. Thus, the charged conduct fell within the legislation that extended the statute of limitations for indecency with a child for ten years. As a result, the State had until November 25, 1997, to indict Venegas. Because the State indicted Venegas for indecency with a child on March 4, 1996, Venegas's conviction for indecency with a child was not time-barred. As a result, neither of Venegas's convictions were barred by the statute of limitations. We overrule Venegas's first issue.

■ In his second issue, Venegas maintains that his fifth amendment right against self-incrimination was violated. Specifically, he complains about the following remark made during closing argument:

> She knew [referring to Mrs. Venegas] there was no way around putting [R.S.M.] and the defendant at the scene together. She knew it. When we get to 1989, there's only three people who can come in here and say that [R.S.M.] was there, two on the defense, one for us. [R.S.M.] is the only one that could come up here and say, yes, I was there moving my aunt from her house here on Victoria.

Because he maintains that this comment referred to his decision not to testify, Venegas argues that his conviction should be set aside.

■ Article 38.08 prohibits the State from commenting on the defendant's failure to testify. *See* TEX.CODE CRIM.APP. ANN. art. 38.08 (Vernon 1989). To constitute a violation of the defendant's right against self-incrimination, the "language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify." *See Johnson v. State*, 611 S.W.2d 649, 650 (Tex. Crim.App.1981). To constitute error, however, a comment "must be direct and not an indirect allusion which might refer to the accused's failure to testify." *Hawkins v. State*, 660 S.W.2d 65, 80 (Tex.Crim.App. 1983). After reviewing the record in these cases, we are not convinced that the above comment refers to Venegas.

Venegas was charged with two counts of indecency with a child. He was charged with committing the offense on or about November 16, 1987, in Count I; and he was charged with committing the offense on or about June 16, 1989, in Count II. The above comment refers to Count II.

During the State's case-in-chief, R.S.M. testified about the events that resulted in Count II. She testified that, in June 1989, she

---

3. The legislation that extended the statute of limitations provided:

> Article 12.01, Code of Criminal Procedure, as amended by this Act, does not apply to an offense if the prosecution of that offense became barred by limitations before the effective date of this Act. The prosecution of that offense remains barred as though this Act had not taken place.

Act of May 30, 1987, 70th Leg., R.S. ch. 716, § 2, 1987 Tex. Gen. Laws 2591, 2591.

went to her aunt's house to help her aunt move. She further testified that, besides herself and Venegas, Venegas's wife, his son, and a cousin, were present to help with the move. She explained that, during the move, Venegas put his hand into her shorts and rubbed his fingers on her vagina while the others were out of the house.

During the defense's case-in-chief, Venegas's wife testified that R.S.M. was not present at the house that day. Instead, she stated that four other people were present: Jose Mata, Antonio Mata, Isabel Silva and Lourdes Sanchez. Thus, there were at least six people, other than R.S.M. and Venegas, who could possibly corroborate or impeach R.S.M.'s testimony that she was at her aunt's house—Venegas's wife and his son, and the other four people that Venegas's wife said were at the house.

Most probably, and logically, the State relied on its own evidence during closing argument. As a result, the prosecutor's comment that only three people could testify about R.S.M.'s presence on or about June 16, 1989, probably referred to: Venegas's wife, his son and R.S.M. The wife having testified that R.S.M. was not present that day, the prosecutor's remark—"two for the defense and one for us"—logically referred to the wife and son as defense witnesses and R.S.M.'s as the State's witness. Under these circumstances, we find that the State did not directly comment, if at all, on Venegas's failure to testify. We overrule this issue.

In Venegas's final issue, he complains about a remark made by the prosecutor during closing argument during the punishment phase of his trial. Venegas, however, failed to object to this comment at trial, and thus we are unable to consider the merits of his argument. *See Cockrell v. State,* 933 S.W.2d 73, 89 (Tex.Crim.App.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1442, 137 L.Ed.2d 548 (1997) (holding that defendant must object and obtain adverse ruling before he can complain on appeal about an erroneous jury argument). As a result, we overrule Venegas's last issue.

Finally, in our review of the record, we note an error in the trial court's judgment in Cause No. K–96–00125–D3. The judgment in that case incorrectly reflects the date of the offense as December 25, 1986. That date applies Venegas's conviction for aggravated sexual assault. The judgment should reflect the date applicable to Count I—November 26, 1987. Also, the judgment improperly reflects a conviction for Counts I and II. The jury found Venegas not guilty of Count II. Accordingly, we modify the judgment to reflect the correct offense and date, and otherwise affirm the judgment.