ACCEPTED
01-15-00143-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 12:41:04 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00143-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 12:41:04 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS

## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
## HOUSTON, TEXAS

### WAYNE EDWARD LINDSEY

### VS.

### THE STATE OF TEXAS

Appealed from the District Court
of Harris County, Texas
262nd Judicial District
Cause No. 1426650

## APPELLANT'S BRIEF

Appellant Requests
Oral Argument

DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
(832) 390 2252 Telephone
ATTORNEY FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX.R.APP.P. 38.1(a), the following is a list of all interested

parties in this cause:

1.   WAYNE EDWARD LINDSEY- Appellant

2.   Vic Wisner – Appellant's Trial Counsel
     8431 Katy Freeway, Ste.101
     Houston, Texas 77024

3.   Devon Anderson - District Attorney for Harris County, Texas
     1201 Franklin, Suite 600
     Houston, Texas 77002

4.   Erin Epley – Assistant District Attorney
     Harris County, Texas
     1201 Franklin, Suite 600
     Houston, Texas 77002

5.   Allan Curry, Chief Appellate Division, District
     Attorney's Office for Harris County, Texas 1201
     Franklin, Suite 600
     Houston, Texas 77002

/s *Douglas M. Durham*
DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
(832) 390 2252 Telephone
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

Page

Table of Contents .................................................................................... iii

Index of Authorities (Cases)....................................................................vii

Constitutions and Statues. ......................................................................viii

Preliminary Statement ...............................................................................2

Statement Regarding Waives Oral Argument..........................................3

Appellant Request Waives Oral Argument..............................................3

Questions Presented…………………………………………………………4

WHETHER THE TRIAL COURT ERRED BY PREVENTING THE JURY FROM HEARING ABOUT DEQUALIN BACKSTROM'S PRIOR FELONY CONVICTIONS?

WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE RIGHT TO USE DEADLY FORCE TO PREVENT DEQUALIN BACKSTROM FROM FLEEING IMMEDIATELY AFTER COMMITTING ROBBERY?

WHETHER THE TRIAL COURT ERRED BY FAILING TO GRANT A MISTRIAL, DURING THE STATE'S PUNISHMENT ARGUMENT, BASED ON THE PROSECUTOR'S REPEATED AND INTENTIONAL COMMMENTS ON APPELLANT'S FAILURE TO TESTIFY?

Point of Error One…………………………………………………………6

THE TRIAL COURT ERRED BY PREVENTING THE JURY FROM HEARING ABOUT DEQUALIN BACKSTROM'S FOURTEEN PRIOR FELONY CONVICTIONS

Statement of Facts………………………………………………………………………..6

Argument and Authorities.................................................................................7

Point of Error Two…………………………………………………………………8

THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE RIGHT TO USE DEADLY FORCE TO PREVENT DEQUALIN BACKSTROM FROM FLEEING IMMEDIATELY AFTER COMMITTING ROBBERY

Statement of Facts………………………………………………………….8

Argument and Authorities.................................................................................8

Point of Error Three……………………………………………………………10

THE TRIAL COURT ERRED BY FAILING TO GRANT A MISTRIAL, DURING THE STATE'S PUNISHMENT ARGUMENT, BASED ON THE PROSECUTOR'S REPEATED AND INTENTIONAL COMMMENTS ON APPELLANT'S FAILURE TO TESTIFY

Statement of Facts…………………………………………………………10

Argument and Authorities.................................................................................12

Conclusion..................................................................................... 13

Certificate of Compliance and Service…………………………………………14-15

# INDEX AND AUTHORITY                                    PAGE

*Black v. State*, 1995 Tex. App. LEXIS 1624 (Tex. App. – Houston [1ˢᵗ Dist.] 1995). .9

*Brown v. State*, 955 S.W.2d 276 (Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. State*, 611 S.W.2d 649, (Tex. Crim. App. 1981). . . . . . . . . . . . . . . . . . . 13

*Montoya v. State,* 744 S.W.2d 15, 35 (Tex. Crim. App. 1987). . . . . . . . . . . . . . . . . 12

*Nolasco v. State*, 1999 Tex.  LEXIS 2492 (Tex. App. -Houston [1ˢᵗ Dist.]1999). . . . 13

*Sauceda v. State*, 859 S.W.2d 469, 474 (Tex. App.-Dallas 1993, pet. ref'd).. . . . . . .12

*Sparks v. State*, 177 S.W.3d 127 (Tex. App.-Houston [1ˢᵗ Dist.] 2005). . . . . . . . . . . 9

*Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . 12

*Theus v. State*, 845 S.W.2d 874 (Tex. Crim. App. 1992) . . . . . . . . . . . . . . . . . . . . . .7

## CONSTITUTIONS AND STATUES

PAGE

U.S. CONST. AMEND. V……………………………………………........12

TEXAS CONST. ART. I, SEC. 10.…………………………………………12

TEXAS CODE OF CRIM. PRO. 38.08…………………………………….12

TEXAS PENAL CODE SECTION 22.01(a)(1-2)…………………………...2

NO. 01-15-00143-CR

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL
DISTRICT OF TEXAS
HOUSTON, TEXAS

WAYNE EDWARD LINDSEY

VS.

THE STATE OF TEXAS

Appealed from the District Court
of Harris County, Texas
262nd Judicial District
Cause  No. 1426650

**APPELLANT'S BRIEF**

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, WAYNE EDWARD LINDSEY, Appellant in the above

styled and numbered cause and would respectfully show the Court as follows:

1

This is an appeal from a felony judgment and conviction for the offense of "Aggravated Assault" as proscribed by the TEX. PENAL CODE SEC. 22.02(a)(1) and (2).

The 180th grand jury of Harris County, Texas returned a three paragraph indictment in Cause Number 1426650, on the 21st day of July, 2014 against the Appellant, [omitting the formal parts] alleging in paragraph one (1) that:

> "…in Harris County, Texas, *WAYNE EDWARD LINDSEY*, hereafter styled the Defendant, heretofore on or about April 29, 2014, did then and there unlawfully, recklessly cause serious bodily injury to Dequalin Backstrom, hereinafter called the complainant, by fighting over a firearm the defendant had produced, causing it to discharge." (CR-I; p. 30).

Further in paragraph two (2) that:

> "…at the time the defendant committed the felony offense of aggravated assault, on or about April 29, 2014, as hereinabove alleged, he used and exhibited a deadly weapon, namely a firearm, during the commission of said offense and during the immediate flight from said offense." (CR-I; p. 30).

Further in paragraph three (3) that:

> "Before the commission of the offense alleged above, on March 19, 1991, in Cause Number 0582162, in the 183rd District Court of Harris County, Texas, the Defendant was convicted of the felony offense of Delivery of Cocaine." (CR-I; p. 30).

At 11:25 a.m. on February 3, 2015, trial by jury began in the 262nd District Court of Harris County, Texas, before the visiting Judge Mike Wilkinson. (CR-I; p.

148 and RR-II; p. 1-168).  At 2:15 p.m., February 5, 2015, Appellant was found

guilty by the jury. (CR-I; p. 148; and RR-IV; p. 36). The Defense entered a plea of

not true to the enhancement paragraph. (RR-V; p. An evidentiary hearing on

punishment began thereafter. (CR-V; p. 1-48).  The Jury found the enhancement

paragraph true, and sentenced Appellant to 20 years in prison. (RR-V; p. 38).

On February 6, 2015, the trial court certified Appellant's right to appeal and

Appellant filed in writing timely notice of appeal. (CR-I; p. 138-140).

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT REQUESTS ORAL ARGUMENT

## QUESTIONS PRESENTED

WHETHER THE TRIAL COURT ERRED BY PREVENTING THE JURY
FROM HEARING ABOUT DEQUALIN BACKSTROM'S FOURTEEN
PRIOR FELONY CONVICTIONS?

WHETHER THE TRIAL COURT ERRED BY DENYING APPELLANT'S
REQUEST FOR A JURY INSTRUCTION ON THE RIGHT TO USE
DEADLY FORCE TO PREVENT DEQUALIN BACKSTROM FROM
FLEEING IMMEDIATELY AFTER COMMITTING ROBBERY?

WHETHERTHE TRIAL COURT ERRED BY FAILING TO GRANT A
MISTRIAL, DURING THE STATE'S PUNISHMENT ARGUMENT,
BASED ON THE PROSECUTOR'S REPEATED AND INTENTIONAL
COMMMENTS ON APPELLANT'S FAILURE TO TESTIFY? ?

## STATEMENT OF FACTS

On April 29, 2014, *Dequalin Backstrom's* black Impala was "running hot."

(RR-III; p. 53). He took the car to get it fixed at *Wayne Edward Lindsey's* residence located at 6842 Hopper Road, Houston, Texas. (RR-III; p. 15). *Wayne Edward Lindsey* (hereinafter called *Lindsey*) looked at the car and identified the issue to be a "defective water pump." (RR-III; p. 55). *Lindsey* told *Dequalin Backstrom* (hereinafter called *Backstrom*) that his fee for diagnosing the problem was fifty dollars ($50.00). (RR-III; p. 39-40). *Lindsey* and *Backstrom* argued over the reasonableness of the diagnostic fee. (RR-III; p. 40). The verbal argument escalated resulting in *Backstrom* (who was younger and bigger than *Lindsey)* striking *Lindsey* in the face with his fist. (RR-III; p. 40-41 and p. 95-96). *Lindsey* stumbled, then retreated into his house. (RR-III; p. 42 and p. 83). Thereafter, as *Lindsey* returned from inside his house, *Backstrom* got into the driver's seat of his Impala, backed up and attempted to leave without paying the diagnostic fee he owed. (RR-III; p. 43). *Lindsey* pointed a hand gun at *Backstrom,* telling him "turn the car off and get out of the car." (RR-III; p. 44; p. 60; p. 80; p. 87). *Lindsey* angrily inquired of *Backstrom:* "Where is my g—dam money?" (RR-III; p. 89). As *Backstrom* got out of the car, *Lindsey* struck him with the gun on the top of his head causing him to fall to the ground. (RR-III; p. 89). *Lindsey* again inquired about his money. (RR-III; p. 89). *Backstrom* responed: "he did not have it." (RR-III; p. 89). *Lindsey* attempted to strike *Backstrom* again with the gun, but he grabbed it with his hand. (RR-III; p. 90). As *Lindsey* tried to pull the gun away from *Backstrom* it discharged striking

4

*Backstrom*.[1] (RR-III; p. 90-93). As a result of the gunshot wound, *Backstrom* was hospitalized for over and month. (RR-III; p. 150). Upon discharge from the hospital he required long term care and currently lives at the "Windsor of Houston" nursing home. (RR-III; p. 151). *Backstrom* requires a trachea to breath and other assistance, his body paralyzed from the gun shot. (RR-III; p. 151).

## POINT OF ERROR ONE

THE TRIAL COURT ERRED BY PREVENTING THE JURY FROM HEARING ABOUT DEQUALIN BACKSTROM'S FOURTEEN PRIOR FELONY CONVICTIONS

## STATEMENT OF FACTS

During the State's direct examination of the complainant's mother the following exchange occurred:

Q. Now, Ms. Backstrom, prior to April 29th, 2014, how was your son physically and mentally?

A. Before the accident, my son is very strong. He's very strong, he works, he does what he's supposed to do. He's a father. He's a father. He takes care of my grandbaby. He's 8 years old. And he takes care of my grandbaby. He goes to work. He's responsible. (RR-III; p. 151).

Thereafter, during cross-examination and over the State's objection, the Defense sought to cross examine complainant's mother regarding her knowledge of the fact that *Dequalin Backstrom* had 14 prior felony convictions that were not

---

[1] *Milton L. Atterberry*, Appellant's next door neighbor testified(referring to Backstrom: "the man shot himself." (RR-III; p. 92). "He [Backstrom]wouldn't have been shot if he [Backstrom] didn't get [grab]the gun. (RR-III; p. 92-93). When asked whether it was a fair fist-fight, Atterberry opined that he [Backstrom] would "beat the hell out of Wayne" [Appellant]. (RR-III; p. 96).

remote (within last seven years). (RR-III; p. 162). The trial court denied the Defense request. (RR-III; p. 162).

## ARGUMENT AND AUTHORITIES

Texas Rule of Evidence 609 requires that the trial court determine whether the probative value of admitting evidence of prior convictions outweighs its prejudicial effect to a party. Because rule 609 is broad enough to encompass a defendant's impeachment of a State's witness with a prior conviction, any proponent seeking to introduce evidence pursuant to rule 609 has the burden of demonstrating that the probative value of a conviction outweighs its prejudicial effect. *Theus v. State*, 845 S.W.2d 874, at 880 (Tex. Crim. App. 1992). Five factors are to be considered by the court in determining whether to admit the evidence of prior felony convictions: (1) impeachment value, (2) temporal proximity, (3) similarity, (4) probative versus prejudicial value, and (5) importance of testimony and credibility. *Theus v. State*, 845 S.W.2d at 881-82.

Here, the mother's testimony about the complainant's being a father and responsible person, couple with the severity of his injuries gendered a lot of sympathy from the jury. Considering the *Theus* factors, preventing the Defense from cross-examining complainant's mother about his extensive criminal record, in order to blunt the false impression the jury had regarding complainant's character was an

6

abuse of discretion and harmful.

## POINT OF ERROR TWO

THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR A JURY INSTRUCTION ON THE RIGHT TO USE DEADLY FORCE TO PREVENT DEQUALIN BACKSTROM FROM FLEEING IMMEDIATELY AFTER COMMITTING ROBBERY

## STATEMENT OF FACTS

During the charge conference, Appellant's trial counsel objected to the Court's failure to include a jury instruction on the "right to use force in defense of property, specifically defense of the offense of robbery." (RR-IV; p. 4-5).

## ARGUMENT AND AUTHORITIES

The Texas Penal Code, section 9.41 provides that a person is justified in using deadly force to defend property under certain circumstances, as follows:

"A person is justified in using deadly force against another to protect land or tangible movable property- (1) if he would be justified in using force against another under section 9.41; and (2) when and to the degree he reasonably believes the force is immediately necessary: (A) to prevent another's imminent commission of…robbery; or (B) to prevent the other who is fleeing immediately after committing…robbery and (3) he reasonably believes that: (A) the land or property cannot be protected or recovered by any other means; or (B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury."

7

A trial court must charge the jury on any defensive issue raised by the evidence, "regardless of its substantive character." *Brown v. State*, 955 S.W.2d 276, 279 (Tex. Crim. App. 1997).  In *Sparks v. State*, 177 S.W.3d 127 (Tex. App.-Houston [1st Dist.] 2005) this Court reversed and remanded the case due to jury charge error, where the trial court denied Appellant a jury instruction regarding his right to use *deadly force to defend his property* from Aggravated Robbery, where the physical evidence was consistent with either Appellant or opposing witness' (Sammy) version as to who was the aggressor. This Court held the error was harmful because it denied Appellant the opportunity of requiring the jury to find *against* this defense before assessing guilt. *Sparks v. State*, supra. p. 135-136. See also *Black v. State*, 1995 Tex. App. LEXIS 1624 (Tex. App. – Houston [1st Dist.] 1995)[reversed for jury charge error on right use deadly force to defend property against robbery].

Here, *Backstrom* arguably committed the offense of robbery by striking Appellant in the face with his fist and attempting to flee the scene without paying for Appellant's services. Appellant could have reasonably believed he had a right arm himself [asserting a mechanic's lien on *Backstrom*'s car to insure payment for his service] and the use of force [pistol whipping] to prevent *Backstrom* from fleeing.  The struggle over the gun and its reckless discharge does not trump Appellant's right to have the jury decide on the defense of property against

robbery. The trial court's failure to instruct the jury on Appellant's "right to use deadly force to defend against robbery" precluded Appellant from the opportunity of having the jury find against him on the "reasonableness" of his conduct in using deadly force to defend against robbery and was harmful.

## POINT OF ERROR THREE

THE TRIAL COURT ERRED BY FAILING TO GRANT A MISTRIAL, DURING THE STATE'S PUNISHMENT ARGUMENT, BASED ON THE PROSECUTOR'S REPEATED AND INTENTIONAL COMMMENTS ON APPELLANT'S FAILURE TO TESTIFY

## STATEMENT OF FACTS

During the State's closing argument during punishment, over objection by the Defense and admonishment by the Court, the prosecutor repeatedly (**total of four times**) commented on Appellant's failure to testify as follows:

> Ms. Epley: But I would point out something else to you. In order to edge towards the lower end of punishment, wouldn't you have to exhibit remorse?

> MR. WISNER: I object to this, Judge. It's an obvious comment on my client's failure to testify…

> THE COURT: In the event it's taken that way, your objection is sustained.

> MR. WISNER: I'd ask the jury be instructed…

> THE COURT: Disregard the last statement by the prosecutor in argument, ladies and gentlemen.

> MR. WISNER: Because the error can't be cured, I'd ask for a mistrial,

9

Your Honor.

THE COURT: Denied. (RR-V; p. 29).

MS. EPLEY: And that is because he is the type of person who doesn't take responsibility…

MR. WISNER: Excuse me. Judge, I have to object. The second comment on my client's failure to testify doesn't take –

THE COURT: If that's what it's taken as, your objection is sustained. You're admonished -- do you have a request, also?

MR. WISNER: Yes. I'd ask that the jury be instructed to disregard the prosecutor's second –

THE COURT: Ladies and gentlemen, you're instructed –

MR. WISNER: -- comment about my client's failure –

THE COURT: -- to disregard the last statement by the prosecutor in argument.

MR. WISNER: Because of this conduct, Judge, I must move for a mistrial.

THE COURT: Denied. (RR-V; p. 31-32).

MS. EPLEY: Is he being contrite and apologetic? Is he being –

MR. WISNER: Excuse me, Judge. Another comment on my client's failure to testify. Contrite and apologetic?

THE COURT: Just a moment. Just a moment. Objection is sustained. Again, ladies and gentlemen, you're admonished not to pay any attention to -- disregard the last statement by the prosecutor, ladies and gentlemen.

MR. WISNER: Judge, because of the third comment on my client's

10

failure to testify, I respectfully move for a mistrial.

THE COURT: Denied. (RR-V; p. 35).

MS. EPLEY: He does not feel guilty. He doesn't wish it had happened differently.

MR. WISNER: Judge, he does not feel bad, he does not feel guilty; same objection.

THE COURT: Sustained.

MR. WISNER: Ask that you instruct the jury.

THE COURT: Ladies and gentlemen, you're instructed to disregard the last statement if it was taken in the present tense.

MR. WISNER: We move for a mistrial because of a fourth comment on my client's –

THE COURT: Denied. (RR-V; p. 36).

## **ARGUMENT AND AUTHORITIES**

The defendant's state and federal constitutional and statutory right not to be a witness against himself prohibits the State from commenting on the defendant's failure to testify. See U.S. CONST. amend. V; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 38.08 (Vernon 1979); *Montoya v. State,* 744 S.W.2d 15, 35 (Tex. Crim. App. 1987); *Sauceda v. State*, 859 S.W.2d 469, 474 (Tex. App.-Dallas 1993, pet. ref'd). The reviewing court considers the comment from the standpoint of the jury. *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). A direct reference to the defendant's failure to testify has been

considered an error of such magnitude that its prejudicial effect was generally not cured by an instruction to the jury. *Johnson v. State*, 611 S.W.2d 649, (Tex. Crim. App. 1981); *Montoya*, supra. 744 S.W.2d at 37.

Here, it is difficult, if not impossible, to imagine a jury so obtuse that it would not understand the prosecutor's remarks about *Lindsey's* failure to express "…remorse;...failure to take responsibility;…not being contrite or apologetic;…not feeling guilty" as direct comments on his failure to take the stand and testify during trial. Considered in context, the challenged arguments were a direct comment on appellant's failure to testify. Moreover, the prosecutor made this argument not once but four times. Therefore, the comment clearly appears to be an intentional, rather than inadvertent, comment on appellant's failure to testify. This Court has recognized that "Judges, jurors, and parents instinctively mete out the harshest penalties to offenders who will not say they are sorry for what they have done." *Nolasco v. State*, 1999 Tex. App. LEXIS 2492 (Tex. App. -Houston [1st Dist.] 1999). Here, the jury assessed the maximum punishment of twenty (20) years in prison. Accordingly one cannot infer the prosecutor's jury argument error was harmless.

## CONCLUSION

Therefore premises considered, Appellant's case should be reversed and remanded for a new trial as to points of error one and two. As to point of error three a new trial on punishment.

Respectfully submitted,

/s/ *Douglas M. Durham*

DOUGLAS M. DURHAM
State Bar Number: 06278450
2800 Post Oak Boulevard Suite 4100
Houston, Texas 77056
Telephone (832) 390 2252
ATTORNEY FOR APPELLANT

13

# CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Tex. R. of App. Pro. 9(1)(3), that the number of words in this Brief is less than 15,000 words, to wit:  3,269  words, in compliance with Tex. R. of App. Pro. 9(i)(2)(B) on this the 4th day of September, 2015.

/s/ *Douglas M. Durham*
DOUGLAS M. DURHAM

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Appellant's Brief was served on Assistant Criminal District Attorney by hand delivery on this the 4th day of September, 2015.

/s *Douglas M. Durham*
DOUGLAS M. DURHAM

15