Stephen Bernard DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–01242–CR.

Court of Appeals of Texas,
Dallas.

Jan. 24, 1983.

Rehearing Denied March 7, 1983.

Discretionary Review Granted
May 25, 1983.

Robert Baskett, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Asst. Dist. Atty., for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

STEPHENS, Justice.

A jury convicted Stephen Bernard Davis of aggravated robbery and assessed his punishment at 70 years imprisonment. On appeal, Davis contends that the trial court erred by its failure to grant a mistrial when the prosecutor, during argument at the punishment stage of trial, allegedly commented on his failure to testify. We conclude that the prosecutor did improperly comment on appellant's failure to testify; thus we reverse and remand.

The defendant did not testify or present other evidence in his own behalf. At the punishment stage of trial, the prosecutor remarked during argument:

You know, you may find it hard to believe that by age 17 you can be as mean, as vicious, as self-centered and as totally devoid of fellings [sic] for other human being lives as he is, but that's the way he is. You think he can be can be rehabilitated? Look at that witness stand. Was there one shred of evidence before you to tell you he's going to change, he can be changed, he wants to be changed, he will change?

Although the defendant's objection was sustained and the jury was instructed to disregard, his motion for mistrial was denied.

This argument by the prosecutor was designed to show the jury that Davis had displayed no contrition for his wrong doing, nor had he shown any desire to change his attitudes, or his way of life, which would justify the jury in being lenient in assessing punishment. Contrition exists solely within the mind of the actor. For feelings of contrition, sorrow or remorse to become evident, they must first be communicated by the actor to third persons. Contrary to the State's argument that such evidence could have been presented by witnesses other than the accused, testimony of third persons to whom such relevations might have been made is legally inadmissible when offered in mitigation of punishment by the accused. *Thomas v. State,* 638 S.W.2d 481 (Tex.Cr. App.1982) (en banc). The *Thomas* case, which affirmed a similar argument, is distinguished from this case. In *Thomas,* the Court of Criminal Appeals held that a similar argument would not necessarily be understood as a reference to the defendant's failure to testify because the defendant had

called his wife and his sister to testify at the punishment stage of trial and the prosecution had referred expressly to "these witnesses." The present case differs in that no such witnesses had been called.

The prosecutor's remarks directed the jury's attention to the absence of evidence that only appellant's testimony could supply, consequently the conviction must be reversed. *Johnson v. State,* 611 S.W.2d 649 (Tex.Cr.App.1981); *Myers v. State,* 573 S.W.2d 19 (Tex.Cr.App.1978); *Koller v. State,* 518 S.W.2d 373 (Tex.Cr.App.1975).

In light of our determination that the prosecutor's comments constituted a reference to appellant's failure to testify, and thus requires reversal of the conviction, we do not address appellant's remaining grounds of error.

Reversed and remanded.