**Steven Bernard DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 253–83.**

Court of Criminal Appeals of Texas, En Banc.

April 4, 1984.

Robert T. Baskett, Dallas (court appointed), for appellant.

Henry Wade, Dist. Atty. and Anne B. Wetherholt, Mary Ludwick and Knox Fitzpatrick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

Trial was before the jury upon appellant's plea of not guilty of aggravated robbery. After finding appellant guilty, the jury assessed punishment at 70 years. The conviction was reversed by the Court of Appeals for the Fifth Supreme Judicial District. See *Davis v. State*, 646 S.W.2d 594 (Tex.App.1983—Dallas). We granted the State's petition for discretionary review in order to examine the Court of Appeals' holding that the State improperly commented on the accused's failure to testify.

The complained of remark occurred during jury argument at the punishment stage when the prosecutor stated:

"You know, you may find it hard to believe that by age 17 you can be as mean, as vicious, as self-centered and as totally devoid of fellings [sic] for other human being lives as he is. *You think he can be rehabilitated? Look at that witness stand. Was there one shred of evidence before you to tell you he's going to change, he can be changed, he wants to be changed, he will change?*"

Appellant's objection to the remark as a comment on his failure to testify was sustained by the trial court. The jury was instructed to disregard the comment, but appellant's motion for mistrial was denied.

A prosecutor's comment on a defendant's failure to testify offends both our State and Federal Constitutions. *Nickens v. State*, 604 S.W.2d 101 (Tex.Cr.App. 1980). The language of such a comment must be either manifestly intended, or of such a character that the jury would naturally and necessarily take it to be a comment on the defendant's failure to testify. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr. App.1977). The implication that the language used has reference to the appellant must be a necessary one in order for this Court to hold that the statement was a comment on the defendant's failure to testify. *Bird v. State*, 527 S.W.2d 891 (Tex.Cr. App.1975). For an indirect comment to constitute reversible error, it must call for a denial of an assertion of fact or contradictory evidence that only the defendant is in a position to offer. *Johnson v. State*, 611 S.W.2d 649 (Tex.Cr.App.1981).

The Court of Appeals interpreted the prosecutor's statement as one calling for contrition on appellant's part. In *Thomas v. State*, 638 S.W.2d 481 (Tex.Cr.App.1982), we defined contrition as, "a state of mind—and a highly personal one at that. Indicia of contriteness is necessarily generated after an offense by the one who is sorrowful for what he has done. That one is contrite about it must be communicated in order for others to know." 638 S.W.2d at 484.

We held in *Thomas* that testimony of third persons that an accused has expressed contrition is not legally admissible evidence in mitigation when offered by an accused.

The Court of Appeals reasoned that since only appellant could offer evidence of contrition, the prosecutor's reference to the defense's failure to put on such evidence was necessarily a comment on appellant's failure to testify.

Plainly, however, the prosecutor spoke of rehabilitation rather than contrition. The desire, potential, and ability of a

person to rehabilitate himself can be objectively assessed and testimony on this subject does not have to come from the defendant alone. See *Logan v. State*, 455 S.W.2d 267 (Tex.Cr.App.1970); *Allaben v. State*, 418 S.W.2d 517 (Tex.Cr.App.1967).

Since the Court of Appeals' analysis was premised on the theory that the prosecutor was referring to appellant's lack of contrition, we must reject it.

■ Looking anew at the complained of language, it is obvious that the prosecutor was not *manifestly intending* to comment or *necessarily* commenting on the accused's failure to testify. The prosecutor could have just as easily been discussing the failure of the accused to call any witnesses [1] to testify regarding rehabilitation. Indeed, when looking at the State's argument as a whole, this is the more likely interpretation. The prosecutor had moments earlier stated, in response to appellant's plea to the jury to consider rehabilitation:

"I'm gong to ask you to consider what you know, from the evidence, about Stephen Bernard Davis. You know, Mr. Poole just stood here and said well, consider his background and his upbringing that's caused him to be the man he is.

"What do you know about that? Not one thing. He could have the nicest parents in the city of Dallas, for all you know. He could have the nicest neighbors and the nicest minister. And for all you know, he's the rotten apple in the family's barrel and that's why none of them are down here to say anything good about him."

The prosecutor's comment was not one the jury would naturally and necessarily take as a comment on appellant's failure to testify.

The judgment of the Court of Appeals is reversed and the cause is remanded for a consideration of appellant's other grounds of error.

MILLER, J., concurs.

TEAGUE, Judge, concurring.

I write only because of the fact that almost on a weekly basis members of this Court are exposed to improper prosecutorial jury arguments and I am fearful that one or more prosecuting attorneys of this State may misinterpret the majority opinion.

I believe that the first sentence of the stated argument was proper because the facts of this case reflect that this 17 year old defendant was "mean, vicious, self-centered, and totally devoid of feelings for other human beings" when he committed the offense of aggravated robbery of the complainant.

However, standing alone, the last sentence of the argument that is stated on page one of the majority opinion is improper for the reasons stated in the dissenting opinion filed by Judge Clinton.

But, fortunately for the State, the improper one sentence does not stand alone. There is more in this cause that justified the argument, in particular, what appellant's trial counsel had earlier argued to the jury. I, therefore, conclude that appellant's counsel "opened the door" to the prosecuting attorney's argument.

Therefore, I agree with the result the majority opinion reaches. However, under another record, the portion of the argument quoted on page one of the majority opinion might become reversible error. I therefore caution prosecuting attorneys of this State to treat gingerly what this Court has stated in its majority opinion.

CLINTON, Judge, dissenting.

Granted that the prosecuting attorney was speaking in a context of rehabilitation, still the series of questions she put to the

---

1. This Court has consistently held that a prosecutor may comment on failure of an accused to present any witnesses in his behalf. See *Thomas v. State*, supra; *McKenzie v. State*, 617 S.W.2d 211 (Tex.Cr.App.1981); *Tarpley v. State*, 565 S.W.2d 525 (Tex.Cr.App.1978); *Winkle v. State*, 506 S.W.2d 891 (Tex.Cr.App.1974).

jury were immediately taken by the experienced trial judge who heard them to be a comment on the failure of appellant to testify. Just how the majority is able to discern the jury did not take it the same way escapes me.

The majority finds a "more likely interpretation" from what it indicates are related comments by the prosecutor. However, when the context of remarks excerpted are understood, the interpretation made by the majority is not "more likely."

Attorney for appellant had portrayed his young client in these terms, *viz*:

"Seventeen years old and he doesn't have family down here concerned with him, he doesn't have friends down here concerned with him. He has had to make it on his own. I submit to you he got in with the wrong group of people... * * He's been deserted by people, he got in with the wrong crowd."

It was in response to such portrayal of appellant as without support of family and friends that the prosecutor asked the jury to speculate that appellant was "the rotten apple in the family's barrel and that's why none of them are down here to say anything good about him."

In short, both counsel agreed, albeit from different premises, that appellant was all alone, having no one to testify in his behalf. The jurors are bound to have gotten that message.

Not satisfied with that, the prosecutor went on to submit that appellant was part of a "gang," but "when they saw what a blood-thirsty fellow they were running with, they got as far away from him as possible." Having isolated him from family and "gang," she then focused directly on appellant:

"You know, you may find it hard to believe that by age 17 you can be as mean, as vicious, as self-centered and as totally devoid of fellings [sic] for other human being lives as he is, but that's the way he is. You think he can be rehabilitated? Look at the witness stand. Was there one shred of evidence before you to tell you he's going to change, he can be

changed, he wants to be changed, he will change?"

The prosecutor did not couch her rhetorical questions in terms of a general failure of the defense to bring forth testimony of appellant's potential for rehabilitation. Rather, the questions were couched solely in terms of his personal desire and capacity to be rehabilitated. From the jury's standpoint, this was not a general remark as to absence of evidence but a pointed reference to accused's failure to testify. *Annis v. State*, 578 S.W.2d 406 (Tex.Cr.App.1979); *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App. 1975). Such a comment offends both the State and Federal Constitutions. *Nickens v. State*, 604 S.W.2d 101 (Tex.Cr.App.1980); *Pollard v. State*, 552 S.W.2d 475 (Tex.Cr. App.1977).

The State urges this argument is not a comment on accused's failure to testify, but a response to defense counsel's plea that the jury consider possibilities of rehabilitation when assessing punishment. However, defense counsel's argument was not improper, because one objective of the Penal Code is rehabilitation of those convicted under its provisions. See V.T.C.A. Penal Code, Sec. 1.02(1)(B) and cf. *Meadowes v. State*, 368 S.W.2d 203 (Tex.Cr.App. 1963). Therefore defense counsel's argument was not objectionable. Certainly the State cannot justify a comment on accused's failure to testify by claiming it is a response to an argument that was not itself objectionable. *Johnson v. State*, 611 S.W.2d 649 (Tex.Cr.App.1981); *Franks v. State*, 574 S.W.2d 124 (Tex.Cr.App.1978).

Finally, the State urges that even if the prosecutor commented on the accused's failure to testify, such comment was cured by the instruction to disregard. But as Judge Tom Davis wrote in *Owen v. State*, 656 S.W.2d 458 (Tex.Cr.App.1983), the prohibition against a comment on the defendant's failure to testify is mandatory and the adverse effect of any reference to the accused's failure to testify is not generally cured by an instruction to the jury. See also *Overstreet v. State*, 470 S.W.2d 653

(Tex.Cr.App.1971). I am unable to say the argument in the instant case was harmless. The likely result of such argument left the jury wondering why the accused did not testify. *Id.*

The judgment of the court of appeals should be affirmed.

ODOM, J., joins.