Ralph Paul NORDYKE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–200 CR.

Court of Appeals of Texas, Beaumont.

Sept. 26, 1984.

Rehearing Denied Oct. 10, 1984.

Herbin J. Molbert, Port Arthur, for appellant.

Stephen C. Howard, Asst. County Atty., Orange, for appellee.

## OPINION

DIES, Chief Justice.

A jury convicted appellant of driving while intoxicated, second offense, and the jury assessed punishment at five years in the Texas Department of Corrections, plus a fine of $5,000. Appeal has been perfected to this Court.

Appellant has a ground of error contending the prosecutor erred when he commented on the defendant's failure to testify in the punishment phase of the trial. Hereafter follows the argument complained of:

"[PROSECUTOR]: I don't believe that there is any reason to give his man mercy. You have heard [Defense Attorney] ask for mercy and I want to ask you now, he had his opportunity at the punishment phase of this trial to present evidence in front of you about the man's attitude, about his life situation, reasons why you could have a basis to afford him mercy. He has not taken advantage of that. He has presented you no evidence.

"[DEFENSE ATTORNEY]: Your Honor, I'd like to object to that, his comment on failure to testify.

"THE COURT: Objection is sustained.

"[DEFENSE ATTORNEY]: And I ask the jury to disregard it.

"THE COURT: The jury is instructed to so disregard.

"[DEFENSE ATTORNEY]: And I ask for a mistrial.

"THE COURT: That is denied.

"[PROSECUTOR]: What I am trying to say is while the defendant has a right of silence which I do not intend to try to diminish in any respect, he has the right to present testimony just as the State has the right to present testimony—

"[DEFENSE ATTORNEY]: Your Honor, I'd like to object on the basis of his comment on failure to testify.

"[PROSECUTOR]: Your Honor, I am not attempting in any way to remark about Mr. Nordyke's taking the stand or not taking the stand. I am talking about the proposition of the State to the defense, how they both have the right to present evidence at the punishment phase just as we have the right to present evidence at the guilt or innocence phase."

The court again sustained the objection, charged the jury to disregard, but refused to grant a mistrial.

 The State may not comment on the accused's failure to testify. *Myers v. State*, 573 S.W.2d 19 (Tex.Crim.App.1978) and authorities cited therein; *TEX.CONST.* art. I, sec. 10; *TEX.CODE CRIM.PROC. ANN.* art. 38.08 (Vernon 1979). Ordinarily an improper argument is cured by a court's instruction to a jury to disregard. *Stone v. State*, 510 S.W.2d 612 (Tex.Crim.App.1974). But if the argument is inflammatory this may not be the case. *See 26 TEX.JUR.3d Criminal Law secs. 3946 and 3947* (1983) and the authorities cited therein. Here the prosecutor's argument was improper, and the State comes near admitting this in its brief. The fact that the prosecutor returned twice to the same argument, after the court first sustained an objection, transcends the general rule that a charge to the jury to disregard cures the improper argument, we believe. We therefore sustain

this ground of error, reverse and remand this case for a new trial. It is unnecessary to address appellant's other grounds of error.

Reversed and remanded.