Brenda Marie BURNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–84–057 CR.

Court of Appeals of Texas, Beaumont.

Dec. 19, 1984.

Harold Laine, Jr., Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

The Appellant was convicted by a jury for the offense of murder and punishment was assessed at life in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant urges a single ground of error:

"The trial court erred in denying Appellant's Motion for Mistrial concerning the State's comment on the failure of the Appellant to testify made during the State's argument at the punishment phase of the trial."

The appellant complains of a particular assertion and about the argument in general. That portion of the argument germane to the ground of error follows:

"[PROSECUTOR]: ... But what, if anything, have we heard to really tell you about this Defendant's background? Have we heard anything good about that background? Have we heard any good reputation witnesses, her mother, her preacher or her priest or somebody like that? No, we haven't. All you have heard about is the evidence that was brought in the first phase of the trial about what she did in this particular instance and then about her being on probation for arson of a habitation. That is about it. So you have got to kind of look closely to find out about this particular Defendant"

"What do you find out from what she used the Rape Crisis Center for? Is it reasonable, looking at the testimony, that she called them to use them when she needed money, sleeping pills, medication, glasses or whatever? Did she use them? We all know that she was a paid informant to the undercover police. What does that tell you? We also know that she is a liar. Not only did she tell at

least two different stories to different people in the case but by your verdict—

"[DEFENSE ATTORNEY]: Your Honor, I'm going to object to that as an assertion on the part of the State at this time as to any testimony that may or may not have come from the Defendant as being a direct assertion on her failure to testify."

"THE COURT: Sustain the objection as far as it may relate to the Defendant...."

"[DEFENSE ATTORNEY]: I request that the jury be instructed to disregard it, Your Honor."

"THE COURT: The jury will disregard the last comment by [prosecutor]."

"[DEFENSE ATTORNEY]: I move for a mistrial, Your Honor."

"THE COURT: Mistrial denied."

"[PROSECUTOR]: I am certainly not speaking about this Defendant's failure to testify. I don't want you to take it that way. But you heard the testimony from various witnesses as to what she had told them. You saw upon what the Defense based their case. I think you can see that that wasn't the truth."

"Now what else do we know? Is the Defendant dangerous? Forty-six stab wounds. Is she dangerous? But what have you been able to tell about her during this trial? And again, I am not talking about anything about testifying or not testifying. I don't want you to take it that way because I'm not talking about that. But have you have [sic] an opportunity to observe this Defendant during the trial? You get a chance to look at her? She has had a little pad out part of the time and has been writing some notes. But have you seen any emotion at all?

"[DEFENSE ATTORNEY]: Your Honor, we are going to object to that as being improper argument at this time and outside the record. Also it is an attempt to inflame the minds of the jurors, it is improper."

"THE COURT: Overruled."

"[PROSECUTOR]: Have you seen any emotion at all? Have you seen her express any sorrow or anything like that, even when these pictures—

"[DEFENSE ATTORNEY]: I'm going to object to that as being a direct assertion on the failure of the Defendant to testify, Your Honor."

"THE COURT: Objection sustained."

"[DEFENSE ATTORNEY]: I ask that the jury be instructed to disregard, Your Honor."

"THE COURT: The jury will disregard the last comment by the Prosecutor."

"[DEFENSE ATTORNEY]: Move for a mistrial."

"THE COURT: Mistrial denied."

"[PROSECUTOR]: Have you seen her as she is sitting there—and again, I am not talking about—I hope that I have made that clear—about anything about testifying—as she sits in the courtroom have you seen anything, even when the photographs of the body were being introduced into evidence? She show anything besides just sitting there being cool? Probably not cool, more cold."

■ Appellant's counsel made his initial objection to language which we believe, the jury would not naturally and necessarily take as a comment on the defendant's failure to testify. *Davis v. State*, 670 S.W.2d 255 (Tex.Crim.App.1984). Therefore, no error was committed. This led to the prosecutor taking the defensive on the issue and making a specific disclaimer about alluding to the appellant's failure to testify.

■ The next trial objection was a general objection as to improper argument. This objection was insufficient to preserve error. *Houghham v. State*, 659 S.W.2d 410 (Tex.Crim.App.1983). Appellant's counsel follows with an objection that the State's comment "is an attempt to inflame the minds of the jurors...." This objection was overruled. When the State continued on the lack of emotion theme, an additional objection as to commenting on the appellant's failure to testify was made. This objection was sustained, and the jury was instructed to disregard the comment.

*Hawkins v. State*, 660 S.W.2d 65 (Tex. Crim.App.1983) involved such a comment on the lack of emotion displayed by a defendant and held an instruction to disregard was sufficient to cure any error. *See also Turner v. State*, 504 S.W.2d 843 (Tex.Crim.App.1974).

Appellate courts are, as Judge Teague commented in a concurring opinion in *Davis, supra at 257,* "almost on a weekly basis ... exposed to improper prosecutorial jury arguments", and a great many fall into the area complained about here. Generally, the defense counsel makes his objections to the prosecutor's arguments, pointing out an alleged comment on the defendant's failure to testify. The State responds, usually by denying such a claim to the Court and then disclaiming to the jury. All of this, in front of the jury, further compounds the error, if any. Trial courts would be well advised to require all counsel to make these types of objections and responses outside the hearing of the jury, thus avoiding further harm.

In reviewing the prosecutor's entire argument particularly the comments previously addressed, we find the comments were not ones the jury would naturally and necessarily take as a comment on appellant's failure to testify. Appellant's ground of error is overruled. The conviction is affirmed.

AFFIRMED.

DIES, Chief Justice, dissenting.

I respectfully dissent for the following reasons.

Where not invited, the prosecutor has no business emphasizing to the jury that his argument is not to be taken by them (the jury) as a comment on the defendant's failure to testify. This is just a roundabout way of making such a comment. In the case at bar, as set forth in the majority opinion, the prosecutor three times made such an argument to the jury. To this writer, this clearly violates the spirit of *TEX. CONST. art. I, sec. 10; TEX.CODE CRIM.PROC.ANN. art. 38.08* (Vernon

1979); *Myers v. State,* 573 S.W.2d 19 (Tex. Crim.App.1978), and the authorities cited therein.

In the *TEX. CONST. art. I, sec. 10, interp. commentary* (Vernon 1984), we find, at 443:

> "In declaring that the accused shall not be compelled to give evidence against himself, the Constitution guarantees immunity from self-incrimination. Such immunity is granted to prevent repetition of certain inquisitorial proceedings once practiced in England. The principle is hereby established that no one shall be compelled to give testimony which may expose him to prosecution for crimes. Hence, an accused cannot be required to take the stand himself, nor can he be forced to testify. His failure to do so cannot be taken as a circumstance against him and counsel are not permitted to comment thereon. Unless he voluntarily becomes a witness, he is completely immune from inquiry...." (emphasis supplied)

This is not a "technicality" but a bedrock of our conviction. Unless and until the appellate courts speak out clearly and positively rejecting this "negative" way of getting the condemned comment before the jury, some prosecutors will continue to use it. *See Nordyke v. State,* 682 S.W.2d 589 (Tex.App.—Beaumont, 1984), petition for discretionary review filed Oct. 17, 1984.

This is an erosion we should not tolerate. I would reverse this case and remand it for a new trial.