Wendell Neal JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–94–01109–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 2, 1996.

Discretionary Review Refused
Nov. 20, 1996.

Tony Aninao, Houston, for Appellant.

John B. Holmes, District Attorney, Andrew Cozby, Assistant District Attorney, Houston, for Appellee.

Before SCHNEIDER, C.J., and TAFT and ANDELL, JJ.

## OPINION

TAFT, Justice.

A jury convicted appellant of delivery of cocaine. The trial court found the enhancement paragraph, alleging a prior conviction for possession of cocaine, true and assessed appellant's punishment at 25 years in prison. Appellant's complaints on appeal address three portions of the State's closing argument (points one, three, and four); admission of background information about a witness (point two); and the jury charge allowing conviction on two theories of delivery of a controlled substance that were not supported by the evidence (point five). We affirm.

### Facts

On April 28, 1994, undercover police officer Tim Walker was working with the narcotics squad in the Sunnyside area of Houston. Walker asked a woman, later identified as Marilyn Lewis, if she knew of anyone selling crack. Lewis got in Walker's unmarked car, and directed him to appellant, who was standing at the 3800 block of Dubois. At Walker's request, appellant produced two white rocks from his pocket, and handed them to Lewis. She passed them to Walker, who then handed a $20 bill[1] directly to appellant. Appellant put the bill in his pocket. Officer Walker then called in the raid team, and they arrested appellant. Officer De La Rosa searched appellant's person, and found

---

1. Prior to leaving the office, officer Walker photographed the $20 bills that he planned to use in this buy-bust operation, in order to record their serial numbers.

the $20 bill. Mike Almohamed, a chemist employed by the Houston Police Department, later tested the white rocks, and found that they were cocaine weighing 418.6 milligrams altogether.

Appellant elected to testify in his own defense. He said that there were "about six of us" at the corner where officer Walker made the buy; that someone else sold the cocaine to Walker; and that the $20 bill was planted on him after he was arrested. He also said that he fled upon seeing the raid team's van because it ran into him, and because the officers were in unmarked clothes. Finally, he testified that the arresting officers beat him up.

### Comment on Appellant's Silence

In point of error one, appellant contends that the trial court committed reversible error in overruling his objection to the prosecutor's closing argument commenting on appellant's post-arrest silence. Appellant argues that it was impermissible for the prosecutor to emphasize the fact that appellant failed to make a complaint with the internal affairs division of the Houston Police Department that he had been beaten up by the arresting officers. Appellant also argues that the prosecutor's argument did not fall into any one of the four categories of proper argument set out in *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973).

Appellant's complaint relates to the following exchange:

> What about officer Martin? You heard officer Martin testify that no one abused Mr. Johnson, no one did. And yet you hear Mr. Johnson go up there and say, "Officer Martin held me down while they kicked me and beat me."
>
> Then I go up there and I should have said, "Where did they hit you?" or whatever. But, I had to jump on the case and I say, "There's no marks on your face." Specifics.

And in today's world, when you could file a claim with the Houston Police Department internal affairs, and if there would have been some abuse, filed—

[Defense]: I object. That's a comment on my client's silence.

The Court: That's overruled.

■ Appellant's contention that the argument in question was improper because it did not fall within any of the four categories of proper jury argument does not comport with appellant's trial objection, and therefore presents nothing for review. *Coffey v. State,* 796 S.W.2d 175, 179 (Tex.Crim.App.1990).

■ Appellant also contends the argument in question was an improper comment on his post-arrest silence. The typical appellate complaint concerning comment on post-arrest silence, however, addresses comment on a prisoner's silence immediately after arrest—particularly when he has already been warned that anything said could be used against him—concerning an explanation for the offense that he later makes for the first time at trial. *See, e.g., Sanchez v. State,* 707 S.W.2d 575, 576–77 (Tex.Crim.App.1986). The prosecutor's comment to which appellant objected did not address that kind of post-arrest silence; indeed, it did not refer to appellant at all, let alone to his silence. Instead, that comment addressed, in general terms, the possibility of filing a claim with the Houston Police Department internal affairs division regarding police abuse. At the point when appellant's objection cut short that comment, the prosecutor had not even expressly stated *who* should have filed such a claim.[2]

Here, as part of his mistaken identity defense, appellant testified that there were several persons at the scene. Any of these persons could have been an eyewitness to any police brutality to which appellant was allegedly subjected, and could have filed a complaint with the internal affairs division. At the moment appellant objected, the prosecutor's argument resembled a comment on the failure of the accused to call witnesses.[3]

---

2. After the objection was overruled, it did become plain that the prosecutor was speaking about *appellant's* failure to file such a claim, but no further objection was made.

3. The propriety of such an argument is well settled. *Davis v. State,* 670 S.W.2d 255, 257 n. 1 (Tex.Crim.App.1984).

It also appeared to be outside the evidence, but appellant did not object on that basis.

For these reasons, we hold the trial court did not err in overruling *the objection appellant made* to the prosecutor's argument. We overrule point of error one.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published.

We affirm the judgment.