Criminal Case Template



 










COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





JORGE LUIS-RAMIREZ MUNGARAY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-01-00505-CR


Appeal from the


106th District Court


of Gaines County, Texas


(TC# 00-3098)



M E M O R A N D U M O P I N I O N



 This is an appeal from convictions for one count of aggravated sexual assault and two
counts of indecency with a child. The jury assessed punishment at ninety-nine (99) years'
imprisonment on the first count and twenty years' (20) imprisonment on each of the other
counts. We affirm the judgment of the trial court. 

I. SUMMARY OF THE EVIDENCE


 At trial, the State utilized the testimony of Linda Mungaray (witness). She testified
that she had four children with her former husband. After her divorce, she married Appellant
and they resided in Gaines County, Texas. The witness testified that in early August, 1997,
Appellant related a dream he had concerning the complainant, his then twelve-year-old step-daughter. In this dream, he and the complainant had a child together and he and the witness
raised the child together. She told the complainant of this dream and then Appellant forced
the witness to bring the complainant to his room where he had sex with her while the witness
was forced to watch. This happened again the next day. This activity occurred about two
weeks out of each month generally on weekends until the middle of June, 2000. 

 At that time, Appellant had obtained employment in Dallas, Texas and he planned to
move Linda Mungaray and the children to Dallas when the school year ended. Linda
Mungaray testified that Appellant told her that he would not continue to engage in sex with
the complainant as an incentive for the complainant to move to Dallas with the rest of the
family and she related this to the complainant. After the move, it developed that the
complainant and her older brother disliked living in Dallas. Also, Appellant continued to
have sex with the complainant. The complainant and her brother went back to Gaines
County on the pretext of visiting friends and they continued to stay there with their natural
father.

 In August of 2000, Appellant was granted permanent residence status by the federal
immigration authorities as a result of Linda Mungaray's efforts to obtain that status. The
witness related Appellant then kicked her out of the apartment in Dallas and she returned to
Gaines County. The sexual assaults of the complainant were then reported to the authorities. 


 The complainant testified in a similar vein as her mother had testified. She related
that her mother told her that Appellant had told her that Appellant had dreamed of having sex
with her and that he wanted to see if it would be the same in real life as it had been in his
dream. Her mother stated to her that she wanted the complainant to go with her to see if
Appellant's dream could be fulfilled in real life. She testified that they gave her pills and
mixed drinks to facilitate the sexual activity. 

 The complainant's older brother testified that he learned of the sexual assaults from
his mother approximately eight months prior to the move to Dallas. She told him not to say
anything due to threats Appellant had made regarding the family. Also, Appellant personally
threatened him. He stated that the complainant never complained of the assaults to him. 

II. DISCUSSION


 In Issue No. One, Appellant contends that the court erred in refusing to conduct a
hearing on the issue of whether material exculpatory and impeachment evidence had been
withheld by the State as raised in Appellant's motion for new trial. The sentences in all three
offenses were imposed in open court on September 6, 2001. Appellant filed a motion for
new trial on October 5, 2001. Appellant alleged in this motion that material evidence tending
to establish Appellant's innocence or to impeach the prosecution was intentionally withheld
or not disclosed to Appellant in violation of the state and federal constitutions. Appellant's
motion was not verified and there were no supporting affidavits accompanying the motion
for new trial. On January 14, 2002, Appellant filed a letter with the trial court. The face of
the letter indicates that it was faxed to the trial judge on November 14, 2001. In this letter,
Appellant's trial counsel urges the court to hold a hearing on the motion for new trial. 
Counsel asserts in the letter that he had discovered evidence not in the record indicating that
the complainant had recently reported to a child abuse investigator that her mother wanted
her to have sex with Appellant to fulfill a dream he recently had. Counsel asserted that this
evidence was either exculpatory or could have been utilized for impeachment purposes. We review a trial court's decision not to hold a hearing on a motion for new trial under
an abuse of discretion standard. See Jordan v. State, 883 S.W.2d 664, 664-65 (Tex. Crim.
App. 1994); Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Only when the
matters raised in the motion for new trial are not determinable from the record is a hearing
necessary. Reyes, 849 S.W.2d at 816. Movants do not have an unrestricted right to a hearing
on matters not determinable from the record, as such practice could lead to "'fishing
expeditions.'" Id. (quoting McIntire v. State, 698 S.W.2d 652, 658 (Tex. Crim. App. 1985)).
Thus, as a prerequisite to obtaining a hearing, motions for new trial must be supported by an
affidavit showing the truth of the grounds of attack. Id. The affidavit is not required to
"'reflect every component legally required to establish'" relief, but the motion for new trial
or affidavit must reflect that reasonable grounds exist for holding that such relief could be
granted. Id. (quoting McIntire, 698 S.W.2d at 658). A trial court abuses its discretion in
failing to hold a hearing if the motion and affidavit raise "reasonable grounds for relief which
are not determinable from the record." Jordan, 883 S.W.2d at 665. In this instance, there
were no affidavits accompanying the motion for new trial. However, Appellant asserts that
the letter was sufficient to satisfy all the reasons for the accompanying affidavits and was
sufficient to cure the defective motion for new trial. We disagree. 

 Assuming without deciding that the letter qualifies as an affidavit accompanying a
motion for new trial, under the rules of appellate procedure, an Appellant has thirty days after
the judgment is final to request a new trial. Tex. R. App. P. 21.4(a) (stating that all motions
for new trial must be submitted to the trial court within thirty days of the final judgment).
Any amendments to the motion for new trial must also be completed within the same thirty
days. Flores v. State, 18 S.W.3d 796, 798 (Tex. App.--Austin 2000, no pet.); Mallet v. State,
9 S.W.3d 856, 865 (Tex. App.--Fort Worth 2000, no pet.); In re R.V., Jr., 8 S.W.3d 692, 693
(Tex. App.--Fort Worth 1999, pet. denied); Guevara v. State, 4 S.W.3d 771, 780 (Tex. App.--San Antonio 1999, no pet.); Rangel v. State, 972 S.W.2d 827, 838 (Tex. App.--Corpus
Christi 1998, pet. ref'd). The fact that the new trial is based on newly discovered evidence
has no impact on the appellate time table. Mallet, 9 S.W.3d at 865. Accordingly, no
amended motion for new trial may be filed after the thirty-day period, even with leave of
court. Drew v. State, 743 S.W.2d 207, 222-23 (Tex. Crim. App. 1987); Dugard v. State, 688
S.W.2d 524, 529-30 (Tex. Crim. App. 1985), overruled on other grounds by Williams v.
State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989); Belton, 900 S.W.2d 886, 902 (Tex.
App.--El Paso 1995, pet. ref'd); Pena v. State, 767 S.W.2d 206, 207 (Tex. App.--Corpus
Christi 1989, no pet.). The procedural provisions governing motions for new trial in a
criminal case require strict compliance and failure to comply leaves the trial court without
jurisdiction to consider the motion. Oldham v. State, 977 S.W.2d 354, 361 (Tex. Crim. App.
1998); Stone v. State, 931 S.W.2d 394, 396 (Tex. App.--Waco 1996, pet. ref'd). When a trial
court lacks jurisdiction, any action taken on a matter is void. See Garcia v. Dial, 596 S.W.2d
524 (Tex. Crim. App. [Panel Op.] 1980); Hagens v. State, 979 S.W.2d 788, 791 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd); State v. Mapp, 764 S.W.2d 823, 824 (Tex. App.--Houston [14th Dist.] 1989, no pet.). Evidence presented to the trial court in support of the
untimely amended motion for new trial may not be considered part of the record on appeal. 
Heckathorne v. State, 697 S.W.2d 8, 10 (Tex. App.--Houston [14th Dist.] 1985, pet. ref'd). 
The appellate court will not consider the testimony given at the hearing on the motion. Groh
v. State, 725 S.W.2d 282, 285 (Tex. App.--Houston [1st Dist.] 1986, pet. ref'd). See also
Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.--Fort Worth 1996, no pet.)(evidence
adduced at hearing on State's motion for new trial was not considered by the appellate court
in determining the sufficiency of the evidence); Callaway v. State, 818 S.W.2d 816 (Tex.
App.--Amarillo 1991, pet. ref'd). In the present case, Appellant presented his letter long after
the time ran to file an amended motion for new trial. Accordingly, Appellant had failed to
preserve this issue on appeal and the court did not abuse its discretion in refusing to hold a
hearing on the motion for new trial. Issue No. One is overruled.

 In Issue No. Two, Appellant maintains that the court erred in refusing to allow
evidence of a purported previous sexual assault committed by Appellant's brother upon the
complainant in order to show motive or bias against Appellant. During the course of the
trial, Appellant argued that he should be allowed to introduce evidence that Appellant's
brother had sexually assaulted the complaintant. The court ruled that the proffered evidence
was inadmissible. 

 A trial court has considerable discretion in determining whether to exclude or admit
evidence. See Montgomery v. State, 810 S.W.2d 372, 379 (Tex. Crim. App. 1991); Duckett
v. State, 797 S.W.2d 906, 913 (Tex. Crim. App. 1990). Absent an abuse of discretion, we
will not reverse the trial judge's decision to admit or exclude evidence. Montgomery, 810
S.W.2d at 379-80. An abuse of discretion is shown only where the decision has been made
without reference to any guiding rules or principles or, in other words, if the decision was
arbitrary or unreasonable. Montgomery, 810 S.W.2d at 380. Even if this Court would have
reached a different result, we will not intercede as long as the trial court's ruling is within the
"zone of reasonable disagreement." Montgomery, 810 S.W.2d at 391 (opinion on reh'g). 

 Tex. R. Evid. 412 prohibits evidence of specific instances of an alleged sexual assault,
victim's past sexual behavior unless it is evidence (A) necessary to rebut or explain scientific
or medical testimony offered by the State; (B) of past sexual behavior with the accused that
is offered by the accused on the issue of consent; (C) that relates to the motive or bias of the
alleged victim; (D) that is admissible under Rule 609, which deals with impeachment by
evidence of a prior conviction; or (E) that is constitutionally required to be admitted. See
Tex. R. Evid. 412(b)(2)(A-E). Furthermore, before a trial court may admit Rule
412(b)(2)(A-E) evidence, it must find that the probative value of said evidence outweighs
the danger of unfair prejudice. See Tex. R. Evid. 412(b)(3).

 Under this rule, a trial court utilizes a two-step test in determining the admissibility
of previous sexual conduct evidence: (1) the evidence must fall within one of the five
enumerated circumstances in Rule 412(b)(2); and (2) its probative value must outweigh the
danger of unfair prejudice. See Boyle v. State, 820 S.W.2d 122, 148 (Tex. Crim. App. 1989),
cert. denied, 503 U.S. 921, 112 S.Ct. 1297, 117 L.Ed.2d 520 (1992)(applying this test to prior
version of Rule 412). Both prongs of the test must be established in order for the evidence
to be admitted. Boyle, 820 S.W.2d at 148; Stephens v. State, 978 S.W.2d 728, 732 (Tex.
App.--Austin 1998, pet. ref'd); Hood v. State, 944 S.W.2d 743, 745-47 (Tex. App.--Amarillo
1997, no pet.).

 Appellant maintains that the proffered evidence was admissible to show motive or
bias for the complainant to fabricate allegations of sexual abuse against him. Appellant
asserts that the evidence indicated that Appellant's brother molested the complainant and fled
to Mexico to avoid prosecution. Appellant states that this evidence shows that the
complainant and her mother conspired against him to seek revenge for his brother's conduct. 
We find that the probative value of this evidence is thin compared to the prejudicial effect
it would have. Accordingly, we overrule Issue No. Two. 

 In Issue No. Three, Appellant contends the prosecutor utilized improper jury argument
during the guilt-innocence stage of trial. During closing argument, Appellant's counsel
stated:

 This case is all about credibility. That's all it's about. That's exactly what it's
about. It's believability. Do you believe the State's witnesses that were-that
testified here yesterday? Do you believe them beyond a reasonable doubt? 
Based on their credibility, would you give somebody your life savings with
somebody that had their credibility, that gave you the same feeling when you
heard them testify when confronted on cross-examination? That's the question
here. Later, counsel argued:


 You know, the Court tells you that you-all are the exclusive judges of the
evidence and the credibility to be given to the witnesses. That means there's
not going to be an appeal about that they weren't believable, because, if you-all believe them, that's the end of the story. 


 . . . 



 Ladies and gentlemen, the evidence here - the case here has got at least three
reasonable doubts. Three major, major reasonable doubts. 


 The prosecutor then argued during closing argument that there are limited witnesses
available with independent knowledge to prove a fact in court. The following exchange then
occurred:

 STATE: There are very few people that can tell you what happened on
August of 1997. There were three people there, and you've
heard from two of them. Two of them have come in and told
you, and the defense lawyer is exactly right. 


 DEFENSE: Excuse me, your Honor. I'm going to object to that comment as
being a comment on the Defendant's failure to testify.


 COURT: Yes, I sustain the objection. You're getting a little close to the
edge there, Mr. McCrary.


 DEFENSE: Your Honor, I'd ask for the jury to be instructed.


 COURT: I'll instruct the jury not - if there was anything- if there was any 
reference to the Defendant not testifying, you must not consider
that at all. 

 DEFENSE: Your Honor, I would move for a mistrial.


 COURT: The motion for mistrial will be denied.

 

 Appellant did not testify at the guilt-innocence stage of trial. The jury was instructed
in the charge to the jury concerning the Appellant's right not to testify. Appellant maintains
that the above-quoted argument was a comment on Appellant's failure to testify and the court
erred in overruling his motion for mistrial. 

 A prosecutor's comment on a defendant's failure to testify offends both our State and
Federal Constitutions. U.S. Const. amend. V; Tex. Const. art. I, § 10; see also Calderon
v. State, 950 S.W.2d 121, 135 (Tex. App.--El Paso 1997, no pet.); Garrett v. State, 632
S.W.2d 350, 351 (Tex. Crim. App. 1982); Nickens v. State, 604 S.W.2d 101, 104 (Tex. Crim.
App. 1980) (Opinion on State's Motion for Rehearing). Such a comment also violates
statutory law. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon 1979) ("[T]he failure of any
defendant to so testify shall not be taken as a circumstance against him, nor shall the same
be alluded to or commented on by counsel in the cause."). The language of the comment
must be either manifestly intended, or of such a character that the jury would naturally and
necessarily take it to be a comment on the defendant's failure to testify. See Short v. State,
671 S.W.2d 888, 890 (Tex. Crim. App. 1984); Davis v. State, 670 S.W.2d 255, 256 (Tex.
Crim. App. 1984). From the jury's perspective, the language used must necessarily have
referred to the defendant's failure to testify. See McKay v. State, 707 S.W.2d 23, 37 (Tex.
Crim. App. 1985), cert. denied, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); Short,
671 S.W.2d at 890; Davis, 670 S.W.2d at 256. If the remark complained of called the jury's
attention to the absence of evidence that only the testimony from the Appellant could supply,
the conviction must be reversed. See Losada v. State, 721 S.W.2d 305, 313 (Tex. Crim. App.
1986); Angel v. State, 627 S.W.2d 424, 426 (Tex. Crim. App. 1982); Johnson v. State, 611
S.W.2d 649, 650 (Tex. Crim. App. 1981).

 Furthermore, an instruction by the trial court to the jury to disregard any such
comment is generally sufficient to cure any error which may have occurred. See Dinkins v.
State, 894 S.W.2d 330, 356 (Tex. Crim. App. 1995); Chavez v. State, 960 S.W.2d 829, 830
(Tex. App.--El Paso 1997, no pet.); Bower v. State, 769 S.W.2d 887, 907 (Tex. Crim. App.
1989); Hawkins v. State, 660 S.W.2d 65, 79-80 (Tex. Crim. App. 1983); Villegas v. State,
791 S.W.2d 226, 240 (Tex. App.--Corpus Christi 1990, pet. ref'd). This applies in all except
the most blatant examples. Dinkins, 894 S.W.2d at 356. Given the foregoing discussion, we
do not find the comment to be a blatant reference to Appellant's failure to take the stand and
we find that the error, if any, was cured by the court's instruction to disregard. However,
even if the court's instruction did not cure the comment, we apply the three factor test
established by the court of criminal appeals for analyzing whether harm resulted from an
improper jury argument. See Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).
The factors are (1) severity of the misconduct (the magnitude of the prejudicial effect of the
prosecutor's remarks); (2) measures adopted to cure the misconduct (the efficacy of any
cautionary instruction by the judge); and (3) the certainty of conviction absent the misconduct
(the strength of the evidence supporting the conviction). Id. Improper jury arguments constitute reversible error only if, in the light of the entire
record, the argument is extreme or manifestly improper, violates a mandatory statute, or
injects into the trial new facts which are harmful to the accused. Wilson v. State, 938 S.W.2d
57, 59 (Tex. Crim. App. 1996). A prosecutor may even comment on the defendant's failure
to produce any defensive evidence so long as the remark does not violate the defendant's
right not to testify. Jackson v. State, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

 In this case, the first factor weighs in the State's favor. The comments made by the
prosecutor are not of such great magnitude to cause Appellant severe prejudice. In fact, a
reading of the record indicates that the comment could be construed as a response to defense
counsel's closing argument, which is permissible. See, e.g., Dinkins, 894 S.W.2d at 357. The
comments do not inject new facts or evidence into the record, and the severity of the
misconduct is relatively small. Turning to the second factor, we find that curative action was
taken. In fact, the trial court's instruction to disregard was sufficient to cure any harm,
because the remarks are not so inflammatory that any prejudicial effect could not reasonably
have been removed by the instruction. See Andujo v. State, 755 S.W.2d 138, 144 (Tex. Crim.
App. 1988); see also Brooks v. State, 642 S.W.2d 791, 798 (Tex. Crim. App. 1982). The
general rule is that an instruction to disregard this type of argument will usually cure any
harm, unless the prosecutor subsequently attempts to circumvent the trial court's ruling. 
Anderson v. State, 633 S.W.2d 851, 855 (Tex. Crim. App. 1982). The trial court gave the
jury an instruction to disregard, and we presume that the jury obeyed it. See Waldo v. State,
746 S.W.2d 750, 753-54 (Tex. Crim. App. 1988). Thus, even if the State's comments did not
fall within the bounds of permissible jury argument, we presume the trial court's instruction
to disregard cured any harm.

 Finally, we find that the third factor also weighs in favor of the State. There is strong
evidence to support Appellant's conviction. The evidence presented at trial shows that
Appellant engaged in a sexually abusive course of conduct over an extended period of time. 
Accordingly, we find that the evidence in the instant case is overwhelming and Issue No.
Three is overruled.

 In Issue No. Four, Appellant asserts that the court erred in overruling Appellant's
objection to the jury charge, in particular, the charging phase on aggravated sexual assault. 
The Appellant argues that the charge allowed the jury to convict on less than a unanimous
jury verdict. The application paragraph read:

 Now bearing in mind the foregoing instructions, if you believe from the
evidence beyond a reasonable doubt, that the defendant, Jorge Luis-Ramirez
Mungaray, on or about the 1st day of August, 1997, in the County of Gaines
and State of Texas, did then and there intentionally or knowingly cause the
penetration of the female sexual organ of T.A., a child younger than fourteen
years of age and not the spouse of the said Jorge Luis-Ramirez Mungaray, with
the male sexual organ of the said Jorge Luis-Ramirez, or if you believe from
the evidence beyond a reasonable doubt, that the defendant, Jorge Luis-Ramirez Mungaray, on or about the 1st day of August, 1997, in the County of
Gaines and State of Texas did then and there intentionally or knowingly cause
the female sexual organ of T.A., a child younger than fourteen years of age and
not the spouse of the said Jorge Luis-Ramirez Mungaray, to contact the male
sexual organ of the said Jorge Luis-Ramirez, as charged in Count 1 of the
indictment, then you will find the Defendant guilty of aggravated sexual
assault, as charged in Count 1 of the indictment. 


 Appellant objected to the charge on the ground it allowed conviction on a less than
unanimous verdict and the court overruled the objection 

 Alternate means of committing one offense may be charged in one indictment. It is
appropriate where the alternate theories of committing the same offense are submitted to the
jury in the disjunctive for the jury to return a general verdict if the evidence is sufficient to
support a finding under any of the theories submitted. Kitchens v. State, 823 S.W.2d 256,
258 (Tex. Crim. App. 1991). Accordingly, we find that the court did not err in overruling
Appellant's objection to the charge. Issue No. Four is overruled.

 Having overruled each of Appellant's issues on review, we affirm the judgment of the
trial court.

March 24, 2004




 RICHARD BARAJAS, Chief Justice


 


Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.


(Do Not Publish)