MEMORANDUM OPINION

No. 04-05-00091-CR

Bobbie Lee SINGLETON,
Appellant

v.

THE STATE OF TEXAS,
Appellee

From the 186th Judicial District Court, Bexar County, Texas 
Trial Court No. 2004-CR-5184
Honorable Phil Chavarria, Judge Presiding
 
Opinion by:    Sandee Bryan Marion, Justice
 
Sitting:            Sarah B. Duncan, Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: December 7, 2005

AFFIRMED

            A jury found defendant, Bobbie Lee Singleton, guilty of robbery (habitual) and assessed a
punishment of life imprisonment and a $10,000 fine. Defendant complains of his conviction in six
issues on appeal. We affirm. 
 
 
SUFFICIENCY OF THE EVIDENCE
            In his second and third issues, defendant asserts the evidence is legally and factually
insufficient to support his conviction for robbery. A person commits robbery if, in the course of
committing a theft, and with intent to obtain or maintain control of the property, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Pen. Code
Ann. § 29.02(a)(2) (Vernon 2003). We review the sufficiency of the evidence under the appropriate
standards of review. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (legal sufficiency);
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) (same); Zuniga v. State, 144 S.W.3d
477, 481 (Tex. Crim. App. 2004) (factual sufficiency); Clewis v. State, 922 S.W.2d 126, 129 (Tex.
Crim. App. 1996) (same). The standard of review is the same in both direct and circumstantial
evidence cases. Kutzner v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 
            At around 11 p.m., Deborah and Kenneth Atkins left a friend’s house and walked to the bus
stop, attempting to get a ride home. While waiting for a bus, the Atkinses purchased a six-pack of
beer from the corner store. The Atkinses then realized the buses were not running at that time of
night. At the bus stop, the couple met Michael Wiseman who offered to ask his friend, defendant,
if he would give the couple a ride home for five dollars. Defendant arrived at the bus stop and
agreed to give the Atkinses a ride home. During the ride, Mrs. Atkins wanted a pack of cigarettes,
so defendant stopped at a convenience store and Mr. Atkins gave Mr. Wiseman money to buy the
cigarettes. Mr.Wiseman came back without cigarettes, and when Mr. Atkins inquired as to where
the cigarettes were, Mr. Wiseman replied, “‘F’ you, we’ll take care of this matter in a few minutes.” 
Defendant continued driving and finally pulled over on the side of the road. The two men ordered
the Atkinses out of the car. Defendant took Mrs. Atkins to the back of the car and told her to pick
up her skirt and bra and proceeded to search her, while asking “where’s the money, where’s the
money?” Mrs. Atkins did not have any money. Mrs. Atkins testified that she was in fear of
imminent bodily injury and afraid for her life. Mrs. Atkins also testified that if she had money on
her, she would have given it to defendant “so he wouldn’t hurt [her].” Mr. Atkins was taken to the
front of the car, where Mr. Wiseman and defendant searched him and asked him for his money. Mrs.
Atkins saw Mr. Wiseman push her husband into the grass and then heard what she believed to be
a gunshot. Defendant and Mr. Wiseman got into the car and drove away. The Atkinses began
walking and flagged down Officer Goodwin who was patrolling the area. The Atkinses described
the event to Officer Goodwin and gave him the license plate number of the car the two men were
driving. Meanwhile, another officer stopped a vehicle with two occupants for a traffic violation.
Because the vehicle matched the description and license plate number give by the Atkinses, Officer
Goodwin drove the Atkinses to the location where Mr. Wiseman and defendant had been pulled
over. Mrs. Atkins identified Mr. Wiseman and defendant at this location and again at the police
station. The police conducted a search of the car and found the Atkinses’ pocket watch, beer, blue
cooler, and money. 
            Although at one point defense counsel asked Mrs. Atkins, “[Y]ou really had no reason to fear
imminent bodily injury or death, did you?,” and she responded, “Not right at that point when he was
searching me, no sir,” Mrs. Atkins did respond affirmatively to the State’s question about whether
she was threatened or placed in fear of imminent bodily injury. It was the jury’s prerogative to draw
reasonable inferences from the evidence, and to judge the credibility of the witnesses and the weight
to be given to their testimony. See Jones v. State, 944 S.W.2d 642, 647-49 (Tex. Crim. App. 1996). 
We conclude the evidence is sufficient to support defendant’s conviction. 
IDENTIFICATION PROCEDURE
            In his first issue, defendant complains the out-of-court lineup was suggestive and tainted the
in-court identification. The State argues, however, defendant has waived this issue because he failed
to timely object at trial. The Court of Criminal Appeals has characterized the failure of a defendant
to “object in the trial court about the out of court identification procedure or the in court
identifications” as “a procedural default.” Perry v. State, 703 S.W.2d 668, 671 (Tex. Crim. App.
1986). The failure to object at trial to a procedural default waives any error on appeal. Id. “Holding
otherwise would only lead to the absurd result of forcing the trial judge to examine the procedural
background of the case and then sua sponte suppress identification evidence. Such is not the role
of the trial judge.” In re G.A.T., 16 S.W.3d 818, 826 (Tex. App.—Houston [14th Dist.] 2000, pet.
denied). By not raising this issue through a pre-trial motion or objection at trial, defendant has
waived any error on appeal.
LESSER-INCLUDED OFFENSE INSTRUCTION
            In his fourth issue, defendant asserts the trial court erred in denying his request for a jury
instruction on the lesser-included offense of assault because the evidence establishes he was guilty
only of assault. 
            Whether a charge on a lesser-included offense is required is determined by a two-pronged
test: first, we must determine whether the offense constitutes a lesser-included offense, and second,
there must be evidence in the record that would permit a jury to rationally find if defendant is guilty
of an offense, he is guilty only of the lesser-included offense. Schweinle v. State, 915 S.W.2d 17,
18 (Tex. Crim. App. 1996); Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993). As
long as evidence from any source raises an issue that a lesser-included offense may have been
committed, and a jury charge is properly requested, the issue must be submitted to the jury. Thomas
v. State, 699 S.W.2d 845, 849 (Tex. Crim. App. 1985). The credibility of the evidence and whether
it is disputed or conflicts with other evidence may not be considered in determining whether a charge
should be given. Id. The second prong of the test preserves the integrity of the jury as the factfinder
by ensuring that the jury is instructed on a lesser-included offense only when that offense constitutes
a valid, rational alternative to the charged offense. Arevalo v. State, 943 S.W.2d 887, 889 (Tex.
Crim. App. 1997). If a jury were instructed on a lesser-included offense not raised by the evidence,
then the instruction “would constitute an invitation to the jury to return a compromise or otherwise
unwarranted verdict.” Id. 
            Assault is a lesser-included offense of robbery, therefore, the first prong of the test is met. 
See Jones v. State, 984 S.W.2d 254, 256 (Tex. Crim. App. 1998). The second prong of the test can
be satisfied if there is some evidence that would allow a rational jury to find that if the defendant is
guilty, he is guilty only of the assault. Schweinle, 915 S.W.2d at 17; Bergeron v. State, 981 S.W.2d
748, 750 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). A person commits an assault if he
intentionally or knowingly threatens another with imminent bodily injury, including the persons
spouse or intentionally or knowingly causes physical contact with another when the person knows
or should reasonably believe that the other will regard the contact as offensive or provocative. Tex.
Pen. Code Ann. § 22.01(a)(2)(3) (Vernon Supp. 2004-05). A person commits robbery if, in the
course of committing a theft, and with intent to obtain or maintain control of the property, he
intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. 
Id. § 29.02(a)(2) (Vernon 2003). To merit the trial court giving an instruction on assault, there must
be some evidence that defendant did not commit theft, the main element distinguishing robbery from
assault. Id. §§ 22.01(a)(2)(3), 29.02(a)(2). 
            Defendant contends he was entitled to the lesser-offense charge because Mrs. Atkins agreed
with defense counsel that defendant touched her inappropriately. However, the evidence shows that
defendant intentionally touched Mrs. Atkins in a offensive manner while asking her, “where’s the
money, where’s the money?” Mrs. Atkins testified that she was afraid for her life. The evidence
also shows that when the police searched the car, occupied by defendant and Mr. Wiseman, they
found the Atkinses’ possessions. From this evidence a jury could not rationally find that, if the
defendant was guilty, he was guilty only of assault. Thus, the trial court did not err in refusing an
instruction on the lesser-included offense of assault. 
COMMENT ON DEFENDANT’S FAILURE TO TESTIFY
            In his fifth issue, defendant contends the State improperly commented during its closing
argument on his constitutional right not to testify. Proper jury argument must encompass one of the
following: (1) a summation of the evidence presented at trial; (2) a reasonable deduction drawn from
that evidence; (3) an answer to the opposing counsel’s argument; or (4) a plea for law enforcement. 
Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). A prosecutor cannot comment on
a defendant’s failure to testify because such a comment violates the privilege against self-incrimination and the freedom from compulsion to testify contained in the Fifth Amendment of the
United States Constitution and Article 1, section 10, of the Texas Constitution. Bustamante v. State,
48 S.W.3d 761, 764 (Tex. Crim. App. 2001). A prosecutor’s statement constitutes a direct comment
on a defendant’s failure to testify if it references evidence that only the defendant can supply. Silva
v. State, 989 S.W.2d 64, 66 (Tex. App.—San Antonio 1998, pet. ref’d). To determine if the
offending language violated a defendant’s right against self-incrimination, we must view it from the
jury’s standpoint. Bustamante, 48 S.W.3d at 765. The prosecutor’s reference must make a clear
implication to the defendant’s failure to testify and language that merely implies or indirectly alludes
to the defendant’s failure to testify is insufficient. Id. This standard requires us to test whether the
prosecutor used language that was “manifestly intended or was of such a character that the jury
would necessarily and naturally take it as a comment on the defendant’s failure to testify.” Id. We
apply this standard by viewing and analyzing the context in which the prosecutor used language of
such a character. Id. An indirect comment constitutes reversible error when “it must call for a denial
of an assertion of fact or contradictory evidence that only the defendant is in a position to offer.” 
Davis v. State, 670 S.W.2d 255, 256 (Tex. Crim. App. 1984). A jury argument should be evaluated
in terms of the entire argument and not just isolated portions of counsel’s statements. See Drew v.
State, 743 S.W.2d 207, 220-222 (Tex. Crim. App. 1987). A reference to “uncontroverted” issues
focuses the jury on contested issues and does not necessarily refer to a defendant’s failure to testify. 
Burnett v. State, 842 S.W.2d 296, 300 (Tex. App.—Fort Worth 1992, pet. ref’d). 
            During defense counsel’s closing argument, counsel focused on whether Mrs. Atkins feared
for her life while defendant searched her. In attempting to summarize his co-prosecutor’s initial
closing argument, the prosecutor stated the following:
Prosecutor:                 As Ms. Minjarez reviewed the charge with you, and pointed
out some of the important portions of the law and the
definitions, I realized that the defense never really denied any
of these elements. As Ms. Minjarez pointed out, never
denied, number one, that this happened on or about
September 29th, 2003.
 
Defense counsel:        Your Honor, I object, Article 38.08, the defendant’s right to
remain silent, it’s a comment.
 
Court:                         I will sustain your objection. Rephrase your question,
Counsel.
 
Defense counsel:        Ask the jury to be instructed to disregard it.
 
Court:                         I’ll instruct the jury to disregard those lasts [sic] remarks
made by Counsel.
 
Defense counsel:        And respectfully request a mistrial.
 
Court:                         Denied.
 
Prosecutor:                 This happened in Bexar County. There’s no denying that.
 
Defense counsel:        Your Honor, may I have a running objection?
 
Court:                         I’ll overrule that objection. That’s – 
 
Prosecutor:                 This happened intentionally and knowingly. There’s no
denying that.
 
Defense counsel:        I suppose I need to object every time. So 38.08 – every time
he says there’s no denying, it’s a comment under 38.08. 
 
Court:                         That – I’ll overrule that.
 
The prosecutor continued by summarizing the elements of robbery and then stated, “After listening
to defendant’s closing argument, I guess we are to surmise that the only element at stake is whether
or not Deborah Atkins was placed in fear of imminent bodily injury.” 
            It appears the prosecutor’s statements, taken in context of his entire argument, were not
intended to refer to defendant’s failure to testify, but were meant to summarize the evidence and
focus the jury on a specific element of robbery. Further, the argument did not refer to evidence that
only defendant could have provided. We conclude the prosecutor’s argument did not amount to a
prohibited reference to the defendant’s failure to testify. Therefore, we hold that the language used
was not manifestly intended or was of such a character that the jury would necessarily and naturally
take it as a comment on defendant’s failure to testify. Bustamante, 48 S.W.3d at 765.
EXTRANEOUS OFFENSE EVIDENCE
            In his last issue, defendant claims the trial court erred by admitting during the punishment
phase, photographs of an extraneous assault, thus violating Crawford v. Washington, 541 U.S. 36
(2004), the Sixth and Fourteenth Amendments of the United States Constitution, and Article 1,
section 10, of the Texas Constitution. During the admission of the photographs, defendant raised
objections under Texas Rules of Evidence 402 and 403, but did not object on Crawford or
constitutional grounds. No other objection was brought to the trial court’s attention. Because
defendant’s trial objections do not comport with his constitutional complaint on appeal, he has not
preserved this complaint for review. See Tex. R. App. P. 33.1(a); Knox v. State, 934 S.W.2d 678,
687 (Tex. Crim. App. 1996). 
CONCLUSION
            We overrule defendant’s issues on appeal and affirm the trial court’s judgment.
 
Sandee Bryan Marion, Justice
DO NOT PUBLISH