

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00307-CR

_____

RAUL OROZCO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1842938

---

Before Kerr, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

## I. Introduction

Appellant Raul Orozco appeals his conviction for aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). In a single point on appeal, Orozco complains that the trial court abused its discretion by denying his request for a mistrial concerning the State's allegedly improper jury argument during the punishment phase. We affirm.

## II. Background[1]

Raul Orozco and Martha Orozco dated for six years and were married for another seven. They have two minor children together, and Martha has two other children from a previous relationship. But their relationship began to unravel when Orozco lost his job and relapsed on methamphetamine. Martha filed for divorce due to his repeated drug use, but she did not follow through with the process. In May 2023, Orozco—while on drugs—pulled Martha's hair. Martha called the police, after which CPS got involved and implemented a safety plan that Orozco signed, barring him from living with Martha and their children.

In October 2023, Martha called 911 to report Orozco's being in her home with a gun. He had entered a window in a hallucinogenic state, which Martha believed was

---

[1]Orozco has not challenged the evidence's sufficiency; we summarize briefly the facts and discuss in detail only what is necessary to resolve his sole point. *See* Tex. R. App. P. 47.1.

from him being on methamphetamine; punched the wall; and pointed his gun at her while holding their two-year-old son. Martha fled outside with her other children until the police arrived, at which point she informed them that Orozco was inside with their toddler. The police ordered Orozco to exit the home, detaining him after he complied. They found the gun that he had brandished inside the home.

After hearing evidence about the October incident, the jury found Orozco guilty of aggravated assault with a deadly weapon. The jury then heard the punishment evidence. During the punishment phase's closing arguments, the following exchange occurred:

> [DEFENSE COUNSEL]: . . . and I anticipate that the prosecutor is going to get up here and go through all this, tell you what a bad guy he is.
>
> He was a drug addict. We didn't use that as an excuse. We didn't say -- the law says it's not a defense, but it can be a mitigating factor when you decide what the proper punishment is.
>
> We know he had a drug problem, but he's been in jail for a long time now. He is 40 years old. He's got two boys out there and a wife that needs him. We understand he's got to go to the penitentiary, but I'm not asking just for him. I'm asking for those two boys and to help Martha, that you give him a minimum sentence.
>
> Nobody was hurt in this. Nobody was harmed. The facts are there. You can use those, but I think it's worth a minimum sentence to let him get out and let those boys have a father and let her have some help to support the family.
>
> I appreciate you listening to me.
>
> THE COURT: State may proceed.

[PROSECUTOR]: May it please the Court[,] opposing counsel.

Ladies and gentlemen and the jury, how offensive is it that this defendant wants to use his children as a shield to escape punishment. How offensive is it that he wants your permission to get out of prison and start doing dope again because he's got four boys. That's the worse argument in favor of a minimum sentence that you can offer.

[DEFENSE COUNSEL]: Your Honor, I object. He's hitting over -- my -- his counsel to get at him.

THE COURT: I'm going to sustain.

Rephrase.

[DEFENSE COUNSEL]: Would you ask the jury to disregard that statement.

THE COURT: And I will instruct the jury to disregard the last statement.

[DEFENSE COUNSEL]: And we'd ask for a mistrial.

THE COURT: That is denied.

After the trial court denied the motion for a mistrial, the State finished its closing argument. At the end of the punishment phase, the jury found a repeat-offender allegation to be true and assessed Orozco's punishment at eight years' confinement. The trial court sentenced him accordingly.

## III. Discussion

In his sole point, Orozco contends that the trial court erred by denying his motion for a mistrial.[2] He argues, "[T]he instruction to disregard the prosecutor's statement(s) that Appellant was an inveterate drug abuser who mistreated his young children through his near-constant methamphetamine use was insufficient, and failed to ameliorate the harm from the improper statement." Orozco requests that we vacate his sentence and remand for a new punishment trial. He is not entitled to this relief.

### A. Standard of Review and Applicable Law

We review the trial court's denial of a mistrial motion for abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Whitney v. State*, 396 S.W.3d 696, 703 (Tex. App.—Fort Worth 2013, pet. ref'd) (mem. op.). When the trial court's ruling is within the zone of reasonable disagreement, the ruling must be upheld. *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006).

---

[2]To the extent that Orozco's appellate argument attempts to expand his trial objection to include newly raised complaints on appeal about extraneous offenses and Rule of Evidence 404(b)(1), we hold that Orozco did not properly preserve this complaint because he did not object at trial. *See* Tex. R. App. P. 33.1(a); *Abel v. State*, No. 02-18-00051-CR, 2020 WL 5048078, at *35 (Tex. App.—Fort Worth Aug. 27, 2020, no pet.) (per curiam) (mem. op., not designated for publication) (holding that objections not raised in trial will not be addressed on appeal (citing *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018))). Because Orozco's Rule 404(b)(1) complaint on appeal was not properly preserved, we will not address it.

Proper jury arguments generally fall within one of four categories: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to opposing counsel's argument, and (4) plea for law enforcement. *Freeman v. State*, 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Phillips v. State*, 651 S.W.3d 677, 682 (Tex. App.—Fort Worth 2022), *pet. dism'd, improvidently granted*, 677 S.W.3d 926 (Tex. Crim. App. 2023). Additionally, courts are particularly "concern[ed] [about] final arguments that result in uninvited and unsubstantiated accusation[s] of improper conduct directed at a defendant's attorney." *Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g) (quoting *Orona v. State*, 791 S.W.2d 125, 128 (Tex. Crim. App. 1990)). A prosecutor "runs a risk of improperly striking at a defendant over the shoulder of counsel when the argument is made in terms of defense counsel personally and when the argument explicitly impugns defense counsel's character." *Id.* at 259. We review the challenged remark in the context in which it appears. *Jackson v. State*, 17 S.W.3d 664, 675 (Tex. Crim. App. 2000).

When a trial court sustains an objection and instructs the jury to disregard improper argument but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). A mistrial is required only in extreme circumstances: when the improper argument causes incurable prejudice—that is, the argument is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Id.* at 77 (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). In

6

determining whether a trial court abused its discretion by denying a mistrial, we balance the following: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty that the jury would have assessed the same sentence absent the misconduct. *Id.*; *Mosley*, 983 S.W.2d at 259.

## B. Whether the Jury Argument was Proper

Here, the trial court did not abuse its discretion because the State's argument fell within the first and third permitted jury-argument categories: summarizing the evidence and answering opposing counsel's argument. *See Freeman*, 340 S.W.3d at 727. Immediately before the objected-to argument, Orozco's counsel had argued, "We know [Orozco] had a drug problem, but he's been in jail for a long time now." Orozco then asked for the minimum sentence, not only for himself, but also for the sake of his children and to help Martha. The State's responsive argument related to the evidence of Orozco's repeated drug use presented during the punishment phase. *See Randolph v. State*, 353 S.W.3d 887, 895–96 (Tex. Crim. App. 2011) (holding that the prosecutors argument—that "[he] has not taken responsibility for this crime"—was permissible based on the appellant's alibi testimony, in the full context of the prosecutor's argument, and that it was a reasonable deduction based on the evidence admitted at the trial's guilt stage). The State's argument also directly responded to Orozco's closing and did not go beyond the scope of the invitation laid out by the defense. *See Johnson v. State*, 611 S.W.2d 649, 650 (Tex. Crim. App. 1981) ("[A] prosecutor may not stray beyond the scope of the invitation.").

Additionally, to the extent that Orozco complains about the State's calling his counsel's argument "the worse [sic] argument in favor of a minimum sentence you can have," we conclude that this is not a personal attack on Orozco's counsel. Rather, the State's comment addressed Orozco's counsel's argument. *See Coble v. State*, 871 S.W.2d 192, 203–05 (Tex. Crim. App. 1993) (concluding that prosecutor's calling the defense's argument "ridiculous" during closing was an attack on the defense attorney's argument rather than on the defense attorney as a person and holding that argument was proper). We conclude that the State's argument did not strike the defendant over his counsel's shoulder and was within the proper scope. Accordingly, the trial court properly denied the requested mistrial.

## C. Whether the Trial Court Abused Its Discretion

Alternatively, even if the State's argument was improper, we conclude that the trial court's prompt instruction cured any error. *See Hawkins*, 135 S.W.3d at 76; *Goodwin v. State*, 91 S.W.3d 912, 916–17 (Tex. App.—Fort Worth 2002, no pet.) (holding that a prompt instruction to disregard will cure the harm of an improper jury argument). As noted above, we must balance the following three factors: (1) the severity of the misconduct, (2) any curative measures, and (3) the certainty of the punishment assessed absent the misconduct. *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007); *Hawkins*, 135 S.W.3d at 77.

As to the first factor—the severity of the prosecutor's misconduct—we must examine the prejudicial effect of his remarks, which should be considered in light of

closing argument's purpose. *Hawkins*, 135 S.W.3d at 75–76. That purpose is to facilitate the jury's analysis of the trial evidence and, based on that evidence alone, arrive at the just and reasonable conclusion. *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). We must also look at the entirety of the record to determine whether the argument was a "willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial." *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997).

Looking at the entire record, the closing argument was not the first instance in the punishment phase that brought up Orozco's drug use. *See Mosley*, 983 S.W.2d at 259. The State's argument summarized prior testimony concerning Orozco's drug use and his parenting ability and responded to Orozco's counsel's inviting the argument by having mentioned both points immediately before the State's closing. *See Johnson*, 611 S.W.2d at 650. We conclude that the prosecutor's remark was not severe. *See Mosley*, 983 S.W.2d at 259 (holding that the comment made by the prosecution implying that the defense attempted to lead the jury down the wrong road was not injecting new facts into the record and that the severity of the misconduct was relatively small). The first factor weighs in the State's favor.

As to the second factor, a prompt instruction for the jury to disregard the remark will normally cure the error unless it is so inflammatory that the prejudicial effect cannot be undone. *Bolden v. State*, 967 S.W.2d 895, 900 (Tex. App.—Fort Worth 1998, pet. ref'd). Courts presume that a jury follows the instruction to disregard unless something

9

in the record suggests that the instruction was not followed. *Coble v. State*, 330 S.W.3d 253, 292–93 (Tex. Crim. App. 2010).

Here, the trial court sustained the objection and promptly instructed the jury to disregard the State's comment. The State's argument was not so prejudicial that the jury could not disregard it, and nothing in the record suggests that the jury did not follow the trial court's instruction. *See Bolden*, 967 S.W.2d at 900. Even if the State's argument was improper, it was not so extreme that the instruction to disregard was ineffective. *See Freeman*, 340 S.W.3d at 727–28 (concluding that prosecutor's statement that the appellant had "hired experts" was improper but that it was not so extreme that the instruction to disregard was ineffective). We conclude that the trial court's prompt instruction cured any error. The second factor weighs in the State's favor.

As to the third factor—the certainty of the punishment—Orozco failed to establish that the jury would not have assessed the same sentence absent the misconduct. *See Primes v. State*, 154 S.W.3d 813, 815 & n.2 (Tex. App.—Fort Worth 2004, no pet.) (mem. op.). During the punishment phase, the jury found the allegations of the repeat-offender notice to be true, making the sentencing range from five to 99 years in prison. Tex. Penal Code §§ 12.32(a), 12.42(b). But the jury assessed his punishment at only eight years' confinement, which was just three years more than the five-year minimum that his counsel had argued for. *See Klock v. State*, 177 S.W.3d 53, 65, 69–70 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding that based on the all the evidence presented during the punishment phase, the jury's assessment of only

22 years in prison for first-degree-felony offense of aggravated sexual assault was certain absent the misconduct); *see also Brown v. State*, 270 S.W.3d 564, 573 (Tex. Crim. App. 2008). Given the facts of Orozco's underlying offense, evidence of his prior convictions, combined with the lower-end punishment, the objected-to argument likely had no impact on the jury's punishment determination. *See Hawkins*, 135 S.W.3d at 85. We conclude that the record supports the certainty of the punishment, and thus that the third factor also weighs in the State's favor.

Balancing the three factors, we hold that the trial court did not abuse its discretion by denying Orozco's mistrial motion.

## IV. Conclusion

Having overruled Orozco's sole point, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 25, 2026

11